The defendant’s counsel made three points in the case. First, that when a negotiable note or bill of exchange is once paid, it is no longer negotiable; second, that when such a note or bill is overdue, that is, has become payable, and is afterwards endorsed, such subsequent endorsee must take it on the credit of his endorser only; and, third, that any prior party, whether drawer or endorser, shall .have every advantage against such subsequent endorsee, which he could have had against his endorser.
The defendant’s counsel moved the Court,- and was permitted to give in evidence, that the consideration of the note was certain goods purchased at auction by Pomeroy, for himself and Wilson in certain proportions, and that it was made payable to [ * 557 ] Sewell merely to obtain his credit, he having *no interest in the purchase; that Wilson had paid Pomeroy his proportionable part of the note, before he took it up at the bank, and that it was placed in the hands of Blake, the plaintiff, as collateral security for a note not then due ; it being agreed at the same time between Blake and Pomeroy, that Blake should keep the delivery of the note secret from Wilson and Sewell, until after the note for which this had been lodged as collateral security should become *485 payable; and that in fact it had so been kept secret more than eighteen months; in which time Pomeroy failed.
The counsel for the plaintiff contested all the points made m the case by the defendant’s counsel.
But the Court, viz., Dana, Paine, Cushing, and Dawes, concurring in their opinion on the first point, viz., that the note having been paid at the bank by Pomeroy, ceased to be negotiable, Dana, C. J., directed the jury accordingly, who found their verdict for the defendant, without leaving their seats. The other points were not considered as necessary to be settled by the Court in this case (2).
See 3 Term R. 80, Brown vs. Davies.—1 H. Black. 89, in notis —Beck vs. Robley, Kyd, 193. 284.

 [Boylston vs. Greene, 8 Mass. 465.—Sed vide Guild vs. Eager & Al. 17 Mass 615.—Ed.]