Parker, C. J.,
delivered the opinion of the Court.
We are of opinion, that the transaction between Clark and Carlisle, with respect to the note declared upon, was not such a payment of it as destroyed its negotiable quality. It is different from the cases cited in the argument.(1), † In those there was an actual payment of the money due, after an absolute assignment of the notes ; *76 in this the note was delivered to Carlisle originally as security ; and, if it had happened that he had not been damnified by his suretiship for Clark, any money he might have received upon the note would have been to the use of Clark. When Carlisle returned the note to Clark, who delivered him other securities in lieu of it, this was not a payment by Clark, but merely an exchange of securities. Carlisle’s name must be presumed to have been at that time placed upon it in blank ; it probably having been thought by the parties, that the note having been transferred by Clark’s indorsement, it was necessary to re-transfer it by Carlisle’s.
Did Carlisle then indorse the note to the present plaintiff, as is alleged in the declaration ? We consider it immaterial whether he did so or not. The plaintiff has come fairly by the note, having paid a valuable consideration for it ; and we see no objection to his deriving his title through Carlisle, who has authorized it by his blank indorsement. The defendant suffers nothing by the transaction. Should Carlisle be sued as indorser, the circumstances [*80] under which his * indorsement took place may be more important. But, as the present plaintiff, being the proprietor of the note, might have stricken out Carlisle’s name, and declared upon a direct assignment of it to him by Clark ; we do not think it necessary to turn him back now, and oblige him to commence his action anew, or even to put him to the delay and expense of ah amendment of his declaration. For, to all legal purposes between the present plaintiff and defendant, the note was indorsed by Carlisle to the plaintiff.
Judgment on the verdict.

 Blake vs. Sewall, 3 Mass. Rep. 556. — Boylston vs. Green, 8 Mass. Rep. 465. — 1 H. Black. 89. — 1 Vern. 474.

 The American cases, Blake vs. Sewall, and Boylston vs. Green, referred to, have been since overruled. Guild vs. Eager & al., 17 Mass. Rep. 615, and see Callow vs Lawrence, 3 M. S. 95. Hubbard vs Jackson, 4 Bing. 390. Thomson on. Bills, pp 293-6.