## JOSEPH BURRILL *vs.* RICHARD WEST, jun.

In an action of assumpsit by *A.* against *B.* on a promise by *B.* to save *A.* harmless for selling, as a constable, a horse upon an execution in favor of *B.* against *C.* against all persons having a better claim to the horse than *C* the record of judgment against *A.* in favor of *D.* in an action of trespass for taking and selling the horse, of which action *B* had no notice, was held not to be evidence, that *D.* had a better title to the horse than *C.*

THIS was an action of assumpsit. founded upon a promise of the defendant to the plaintiff. who was a constable, to indemnify and save him harmless from all damage and costs he might sustain by reason of his selling a certain horse on

an execution in favor of the defendant, against one *William West.*

The cause was tried here at September term, 1819, upon the general issue, when it appeared in evidence, that the defendant, having obtained an execution against one *William West,* delivered the same to the plaintiff, with directions to levy the same upon a certain horse, which had been attached by the plaintiff on the defendant's original writ against *William West,* and with a promise that he would indemnify the plaintiff for levying the execution upon the horse. In pursuance of the defendant's directions, the plaintiff sold the horse to satisfy the execution. Afterwards, one *Joshua Ames* brought an action against this plaintiff, for taking the horse. *Ames* brought his action in the county of Cumberland, in Massachusetts, and at the supreme judicial court in that county, in October, 1818, the action was referred to three referees, who made a report at the same term, that *Ames* should recover of *Burrill* $70 damage and costs. Upon which report, judgment was rendered by the said supreme court, that *Ames* should recover $70 damages, and costs taxed at $124 90. It also appeared that *Burrill* had paid $146 55, which had been accepted by *Ames,* in full satisfaction of the said judgment. But it did not appear, that the defendant in this action, had any notice of the pendency of *Ames'* suit against the plaintiff. Upon this evidence, the court instructed the jury that the action could not be maintained without proof, that *Ames* had a better title to the horse, than *William West* had, and that the judgment of the supreme court of Massachusetts was not under the circumstances, competent evidence to prove that fact in this case ; this defendant never having had notice of the suit in which that judgment was rendered, nor an opportunity to be heard upon the question. Under this direction, the jury returned a verdict in favor of the defendant.

The plaintiff moved the court to grant a new trial, on the ground of misdirection to the jury.

*Varnum,* for the plaintiff.

*French,* for the defendant.

Burrill
vs.
West, jr.

RICHARDSON, C. J. delivered the opinion of the court.

This is an action of assumpsit, founded upon a promise made by the defendant, to indemnify the plaintiff, a constable, for making sale of a chattel upon a writ of execution, in favor of the defendant against one *W. West.* The amount of the defendant's undertaking, was to save the plaintiff harmless from the claims of all persons having a better title to the chattel, then the title of *W. West*, the debtor. It was then incumbent upon the plaintiff, in order to maintain this action, to shew not only that he had been subjected to the payment of damages, by reason of his having made the sale, but that he had been subjected to pay them to a person having a better title to the chattel, than the title of *W. West.* The plaintiff produced in evidence, the record of a judgment of the supreme judicial court of Massachusetts, founded upon a report of referees, by which it appeared that one *Joshua Ames* had recovered against the plaintiff damages and costs in an action of trespass, for taking the chattel in question; but the plaintiff offered no evidence to shew that the defendant had any knowledge whatever of the pendency of that suit, nor did he offer any other evidence of *Ames'* title to the chattel attached. The question is, was that judgment, evidence against this defendant, that *Ames* had a better title to the chattel, than the title of *W. West?*

A verdict or judgment, in a former action upon the same matter directly in question, is evidence not only for or against the parties to the suit, but for or against privies in blood, privies in estate, and privies in law. But neither a verdict nor a judgment can, in general, be evidence for either party in an action against one, who was a stranger to the former proceeding, who had no opportunity to examine witnesses or defend himself. It is not necessary that he against whom a judgment is to be used as evidence, should have been actually a party to the suit in which it was rendered. But in general, notice of the suit, and an opportunity to be heard, seem indispensable to make the judgment evidence. 7 *Johnson* 168, *Kip vs. Brigham et a.*—7 *do.* 173, *Waldo vs. Long.*—6 *do.* 158, *Kip vs. Brigham et a.*—1 *do.*

517, *Blasdale vs. Babcock.*—4 *Mass. Rep.* 349, *Hamilton vs. Cutts et a.*—4 *Dallas* 436, *note.*

To these general rules there are however exceptions. Thus, on questions of custom, or toll, on a question of customary right of common, or a public right of way, a verdict in a former action between any other persons is admissible in evidence.(1) So the judgment offered in evidence by the plaintiff in this case was admissible to prove certain facts. It was without doubt proper evidence to prove that *Ames* had asserted his right to the chattel, and that what the plaintiff has paid, he was compelled to pay by legal process.(2) But the present case does not come within any of these exceptions, but must be governed by the general rule. The judgment offered in evidence by the plaintiff was altogether incompetent to prove *Ames'* title to the horse in this case, and there must be

*Judgment for the defendant.*

Burrill<br>
*vs.*<br>
West, jr.

(1) Phillips'<br>
Ev. 233.

(2) 4 D. & E.<br>
590, Green vs.<br>
The New River Company.