### JACOB THRASHER *vs.* DAVID HAINES, jun.

*A.* and *B.* having a controversy respecting certain accounts between them, agreed to refer the same to arbitrators ; *C.* appeared before the arbitrators at the hearing as *B.'s* agent, and assisted in managing the case. The arbitrators made a report in favor of *A.,* who procured a judgment upon the same report, sued out an execution, and caused the execution to be extended upon land which *B.* had conveyed to *C.,* and then brought a writ of entry against *C.* to recover the land : it was held, that *C.* was not estopped by the judgment to shew that there was nothing due from *B.* to *A.*

THIS was a writ of entry, in which *Thrasher* demanded a farm in Deerfield, in this county, and counted upon his own seisin within twenty years, and upon a disseisin by the tenant.

The cause was tried here at February term, 1820, upon the general issue.

It was admitted, that one *Jonathan Eastman* was once seized of the demanded premises. The demandant shewed the record of a judgment in his favor against the said *East-*

*man*, rendered by this court at December term, 1813, in the county of Cheshire, upon a report of referees for $1478 83 debt, and $125 18 costs, and the copy of an execution, issued upon said judgment, and duly extended upon the demanded premises in February, 1814.

The tenant's title was a deed from *Eastman* to him, dated July 23, 1811 ; and he proved, that the consideration of the conveyance was a bond given by *Haines* to *Eastman*, with condition, that *Haines* should maintain *Eastman* and his wife during their natural lives.

The demandant introduced evidence to shew, that the conveyance from *Eastman* to *Haines* was fraudulent and void as respected creditors ; and *Haines* offered to prove, that, at the time of the recovery by the demandant against *Eastman*, *Thrasher* had not in fact any subsisting debt against *Eastman*. But the demandant proving that *Haines* was present, and acting as the agent of *Eastman* before the referees, the court rejected the evidence offered by *Haines* to impeach the judgment, and the jury returned a verdict for the demandant.

*Haines'* counsel moved the court to grant a new trial, on the ground, that the evidence rejected ought to have been admitted.

*Cutts, Smith* and *Mason*, for the tenant.

*Sullivan* and *Bartlett*, for the demandant.

RICHARDSON, C. J.   There is no doubt that the judgment which *Thrasher* recovered against *Eastman* would be conclusive evidence of a debt in any suit between the parties to it.   *Phil. Ev.* 223.—3 *John.* 157, *Smith vs. Lewis.*—3 *East* 346, *Outram vs. Morewood.*

It is equally clear, that in general a judgment is not conclusive evidence of a debt against strangers, whose interest may be affected by it.   1 *Mass. Rep.* 165, *Alexander vs. Gould.*—11 *ditto* 89, *Young vs. Hosmer.*—6 *ditto* 242, *Pierce vs. Jackson.*

But there are cases where a judgment will be plenary evidence of a debt, even against strangers to it.   Thus, where a third person is answerable to a defendant in a suit for

what may be justly recovered against him, *if, after due no-*
tice of such suit given to such third person, a judgment is,
without fraud, recovered against such defendant, it will be
conclusive evidence against such third person of a just debt.
4 *Mass. Rep.* 349, *Hamilton vs. Cutts.*—4 *Dall.* 436.—6 *John.*
158, *Kip vs. Brigham et a.*—1 *ditto* 517, *Blasdale vs. Bab-*
*cock.*—7 *ditto* 168, *Kip vs. Brigham et a.*

These decisions are founded upon this principle, that it
would be unreasonable to permit such third person to con-
test the justice of the claim in the suit against himself, after
having neglected, or failed to shew its injustice in the suit
against the person he was bound to indemnify. And in
these cases it seems that notice and a refusal to defend the
action is tantamount to notice and a judgment. For, " if a
" demand be made, which the person indemnifying is bound
" to pay, and notice be given to him, and he refuse to de-
" fend the action, in consequence of which the person to be
" indemnified is obliged to pay the demand, that is equiva-
" lent to a judgment, and estops the other party from say-
" ing that the defendant in the first action was not bound to
" pay the money." *Buller, J.,* in *Duffield vs. Scott,* 3 *D.*
*& E.* 377.

In the case now before us, the question is, whether *Haines*
is, under the circumstances of the case, precluded from
shewing that, notwithstanding *Thrasher* recovered judgment
against *Eastman* for a large sum of money, there was in fact
nothing justly due, but that the judgment was founded alto-
gether upon fraud and injustice? *Haines* was not, in the proper
sense of the terms, either a party or privy to the judgment.
He was not bound to indemnify either party; and of course
this case does not come within the principle of that class of
cases. Is he, then, precluded by the judgment from shew-
ing, that there was in fact no just debt, merely because he
was *Eastman's* agent? There is no case to be found in the
books in which it has been decided, that he is precluded
by that circumstance; and there are certainly strong rea-
sons why he should not be. He was the agent of *Eastman,*
but he might not have had any suspicion that *Thrasher*

would extend any execution he might obtain against *East-man*, on land previously conveyed to himself ; and *Eastman* might have neglected to furnish him the means, and to give him proper instructions for resisting *Thrasher's* claim. And what is still more decisive, the reference may have been entered into, not only without consulting him, but even against his will. We are clearly of opinion, that he ought to have been permitted to impeach *Thrasher's* judgment, and that there ought to be

*A new trial granted.*