## ROCKINGHAM, SEPTEMBER TERM, 1826.

### DANIEL GOOKIN, J. P. *vs.* ANNA SANBORN *et a.*

A claim against the estate of a person deceased is extinguished, if not exhibited to the executor or administrator within two years after proving the will, or taking letters of administration : and the non-payment of a judgment rendered upon such a claim against an executor or administrator is not mal-administration, for which the sureties of the executor or administrator are liable.

THIS was an action of debt against *Anna Sanborn* and her sureties, upon a probate bond, given by the said *Anna* upon her appointment as administratrix of the estate of *John P. Sanborn.* The defendants were defaulted ; and among other sums claimed, upon a hearing in equity, by the plaintiff, was the amount of a judgment in favor of *John Sanborn* against *Anna Sanborn*, administratrix as aforesaid, rendered at August term of the common pleas, in this county, 1819, for $600 damage, and costs taxed at $64 25. This judgment was founded upon a report of referees, made under a rule,

Gookin
*vs.*
Sanborn et a.

submitting to referees all demands between the said *Anna* administratrix as aforesaid, and the said *John Sanborn.*

*John P. Sanborn*, the intestate, died on the 15th April, 1812 ; administration was granted to *Anna Sanborn* the 20th September, 1815. The rule, submitting all demands aforesaid, was made on the 8th October, 1818.

*Sullivan*, for the sureties, objected, that it did not appear, that the said claim of *John Sanborn* was exhibited to said *Anna*, at any time within two years after her taking of administration.

*By the court.*—The objection made by the defendant's counsel must prevail. The statute of February 3, 1789, entitled " an act ordering the descent of intestate estates," &c.*sec.*18, enacted, "that in case any creditor, to any estate, " shall neglect to exhibit his or her demand against said " estate to the executor or administrator, within the term " of two years next after proving the will, or taking admin- " istration, &c. such demand shall be extinguished, and the " creditor totally barred from recovering the same."

We entertain no doubt, that this provision in the statute was intended for the benefit of all persons interested in the estates of deceased persons. The object of it was to produce a speedy settlement of the estates, that the executors and administrators, and their bondsmen, as well as the heirs, might be quieted. It forms a bar, that can be waived by him, who represents the deceased, only at his own peril. A claim, not exhibited within the time limited, is completely, and to all intents, extinguished. 13 *Mass. Rep.* 201, *Brown vs. Anderson.*

It is very clear, that the sureties, in this case, are not bound by the judgment of the common pleas, to which they were strangers. If that judgment was founded upon a claim, which had been extinguished, the non-payment of it is not mal-administration, for which these sureties can be liable. The case of *Dawes vs. Shed*, (15 *Mass. Rep.* 6,) is strongly in point. 2 *N. H. Rep.* 190, *Burril vs. West*, and 443, *Thrasher vs. Haynes.*

*Claim rejected.*