#### IN THE

## SUPERIOR COURT OF JUDICATURE.

#### FOR

## THE COUNTY OF HILLSBOROUGH, SEPTEMBER TERM,

### A. D. 1829.

---

## SAMUEL TARBELL et al. *versus* SAMUEL WHITING.

A gave B a note payable to him or order, and having made his will and consti-
tuted B executor and residuary legatee, died ; B caused the will to be
proved, and took upon himself the burden of executing the same, and gave
bonds for the payment of the debts and legacies. He then endorsed the
said note to C who brought an action against B as executor, and had judg-
ment by default. Afterwards B and his sureties in said bond, applied by
petition for a new trial. It was held, that although the note was discharged
when the bond was given, yet there was no cause for granting a new trial,
because by letting the judgment stand no injustice was done to the executor
himself, and the sureties and others who were strangers to the judgment could
in no way be affected by it.

THIS was a petition for a new trial. Samuel Tarbell,
senior, made a note for $230, dated 22d February, 1823,
payable to Samuel Tarbell, the petitioner, or order, and
having made his will, by which, after giving a part of
his estate to other persons, he devised the residue to the
said Samuel, the petitioner, died on the 25th March, 1824.

Samuel Tarbell, the petitioner, who was appointed ex-
ecutor, caused the will to be proved and allowed on the
25th May, 1824, and gave bond to the judge of probate,
to pay the debts and legacies. Sometime in June, or

Tarbell, et al.
v.
Whiting.

July, 1826, the said Samuel, the executor, being indebted to Whiting, endorsed to him the said note.

Whiting commenced an action against the said Samuel, as executor, upon said note, and at the April term of this court, in this county, 1827, recovered judgment for $273,70 debt, and $18,86 costs, upon default.

Josiah Russell and Abijah Elliot, who were the sureties in the bond given to the judge of probate, as aforesaid, joined with the said executor in this petition ; and the petitioners prayed that a new trial might be granted, on the ground that the said action had been defaulted by mistake.

*E. Parker*, for the petitioners.

*G. F. Farley*, for the respondents.

*By the court.* As soon as the executor had given bonds to the judge of probate to pay the debts and legacies, all the estate of the testator, not specifically devised to others, vested in the executor absolutely. 5 Pick. 337, *Clark* v. *Tufts ;* 16 Mass. Rep. 172, *Thompson* v. *Brown ;* 4 Pick. 97.

And all the debts of the testator became, in fact, the debts of the executor, who thus becoming at the same time both debtor and creditor with respect to the note given him by the testator, the note must be considered in law as discharged and the debt extinct.

It is very clear, that the note, thus becoming satisfied and discharged, could not be afterwards negotiated. 3 Mass. Rep. 556, *Blake* v. *Sewell.*

And Whiting acquired no right by the endorsement to maintain an action against Samuel Tarbell, as executor.

This view of the case shows, that Russell and Elliot, the sureties, cannot be affected by the judgment, which has been rendered in favour of Whiting, against the executor. They were no parties to that judgment, and cannot be precluded by it from showing, that there was nothing due from the estate of the testator to Whiting. 3 N. H. Rep. 491, *Gookin* v. *Sanborn.*

There is then no reason, why this petition should be sustained on the application of the sureties.

It only remains to enquire, whether it ought, under the circumstances, to be sustained upon the application of the executor?

And we are of opinion, that the petition ought not to be sustained on his application. Having sold the note to Whiting, the executor ought not to be heard to complain of the judgment on his own account. If Whiting obtain satisfaction from any estate of the testator, which belongs to the executor, complete justice is done. But there may be creditors of the testator, there may be purchasers of the testator's estate from the executor. The judgment, however, which Whiting has obtained against the executor, will not stand in the way of either of these; for they are strangers, and may falsify it. 4 Cowen, 457, *Griswold* v. *Stewart*; 2 N. H. Rep. 443, *Thrasher* v. *Haines*.

*Application denied.*