# The JUDGE OF PROBATE *versus* N. ROBINS, and others.

Where a husband dies intestate, his widow is entitled, as heir, to a distributive share in his personal estate.

Where a judge of probate has, by a decree, allowed a widow her distributive share in her husband's estate, the accuracy of the decree, as to the amount by law allowable to her, cannot be called in question collaterally, in a suit upon the probate bond.

DEBT upon a probate bond, given by Robbins, upon his being appointed administrator of the estate of John Pratt, and executed by the other defendants as sureties.

After judgment for the penalty of the bond, the question was, for what sum execution should be awarded under the following circumstances.

John Pratt died in 1816, intestate, leaving a widow, Hannah Pratt, who survived him only three days, and two daughters by a former wife. C. G. Atherton was appointed administrator of the estate of the said Hannah Pratt, the widow, August 26, 1828, and made application to the judge of probate for the distributive share of the said Hannah, in the estate of her said husband ; and upon a hearing, on the 25th November, 1828, it was decreed that the said administrator of the said John Pratt, should pay to the administrator of the said Hannah, $1021,84, as the said Hannah's share in her said husband's estate, the said $1021,84, being one third of the balance of the said Robbins' account as administrator. But Robbins had refused to pay the sum decreed.

On the part of the sureties it was contended, that they were not bound by the said decree ; and that, under the circumstances, the said widow was not entitled to a distributive share.

On the part of the plaintiff, it was insisted, that the decree of the judge of probate was only for one third of the balance found in the hands of the administrator,

without interest, whereas interest ought to have been allowed.

*C. G. Atherton,* for the plaintiff.

*B. M. Farley* and *G. F. Farley,* for the defendants.

*By the court.* It may be conceded, that the decree of the judge of probate, allowing the widow's distributive share in her husband's estate to her administrator, was, with respect to these sureties, *res inter alios acta,* and not conclusive against them. 3 N. H. Rep. 491, *Gookin* v. *Sanborn.* But there is no ground on which that decree can be impeached. There is no doubt that the widow was entitled to her distributive share in the personal estate of her husband. She was by law entitled to it as an heir. 3 P. Williams, 48, *Davers* v. *Dewes* ; 4 Burns' Eccl. Laws, 331 ; Lovelass, 67 ; Prov. Laws, 105.

And the administrator of her estate is now entitled to receive the same.

The claim made in this case, on behalf of the administrator of the widow, for interest, cannot be allowed. He was entitled to receive the distributive share of the widow, but the amount was to be settled by a decree of the judge of probate. That amount has been settled by a decree to which he was a party. He is, therefore, bound by the decree. If he was not satisfied with the decree, an appeal was the appropriate remedy.