## CAMPBELL *vs.* CAMPBELL.

The owner of a farm died in the year 1778, leaving his widow and ten children in possession.   The tenant, one of the sons, who was then seventeen years of age, carried on the farm, living there with the co-heirs, until the year 1793, when the rest of the heirs went away.   His sisters having married, he was left in possession of the farm, which he continued to manage until his death, in the year 1822. It did not appear that he ever made any claim of title to the whole farm.—*Held,* that he acquired no title by adverse possession.

WRIT OF ENTRY, to recover one undivided eighth part of
the David Campbell farm, so called, situated in Litchfield, in
this county.

At the trial upon the general issue, the following facts ap-
peared in evidence :

David Campbell, the elder, in the year 1743 acquired a
title to the demanded premises.   He died intestate in the
year 1778, and seized of the farm, leaving ten children, his
heirs at law, viz. : David Campbell, the younger, the father
of the parties to this suit ; William Campbell, and eight
daughters.

After the death of David Campbell, the elder, his son Da-
vid, who was then seventeen years of age, continued to live

on the farm, with his mother and sisters, and to carry it on, until his sisters were married, which was in the year 1793, or thereabouts, when they left home. Before this, one of them, Margaret, who was never married, had gone to live with her sister at Francestown. David carried on the farm until the year 1822, when he died, leaving eight children, his heirs at law, viz. : the demandant, the tenant, and six daughters.

Upon this evidence the demandant contended that David Campbell, the younger, by virtue of his possession had dis-seized his co-heirs, or that a grant of the land might be presumed from them; that he was therefore seized in his own right of the whole farm, and that on his death one undivided eighth part thereof descended to the demandant.

The tenant contended that David Campbell, the younger, died seized of his distributive share only of the estate, which was one tenth of it, and that therefore only one eighth of one tenth, or one eightieth of the farm, descended to the demandant.

A verdict was taken, by consent, for the demandant, for one eighth part of the demanded premises, subject to the opinion of this court.

*J. U. Parker*, and *B. M. Farley*, for the demandant.

*G. Y. Sawyer*, for the tenant.

GILCHRIST, J. The demandant and tenant are sons of David Campbell, the younger, and grandsons of David Campbell, the elder. Upon the death of the first David Campbell, his son inherited one undivided tenth part of the farm. The demandant, as one of his children, would be entitled to one eighth only of this tenth part, unless his father, David Campbell, the younger, after the death of the first David Campbell acquired a title to the whole farm upon the facts found by this case, in which event the demandant would be entitled to one eighth part of the premises.

Campbell *v.* Campbell.

The demandant alleges that his father acquired a title to the farm by an adverse possession for more than twenty years. But there is no evidence in the case of an adverse possession. The occupation of the father was unaccompanied by any of the circumstances which constitute such a title. When David Campbell, the elder, died, his son was a minor, and remained upon the farm with his brother and sisters. His possession was rightful as to one undivided tenth part, and his possession and cultivation of the residue must be considered as having commenced with their assent. He made no claim to the whole farm, either then, or at any subsequent period. He must, therefore, be presumed to have continued his possession with their assent; for the evidence of an adverse possession must be construed strictly, and every presumption is to be made in favor of the true owner. *Riley* vs. *Jameson*, 3 *N. H. Rep.* 26; *Hale* vs. *Glidden*, 10 *N. H. Rep.* 402; *Lund* vs. *Parker*, 3 *N. H. Rep.* 491. A possession by consent of the owner is not adverse possession. *Atherton* vs. *Johnson*, 2 *N. H. Rep.* 31. The case shows only that the father of these parties was once in possession of the farm in common with the other heirs. His sisters married and went away, leaving him there. What became of his brother and mother does not appear. He made no claim of title, asserted no right to the exclusive possession, but carried on the farm as he had done before ; and no evidence is offered to rebut the presumption that he remained there with the assent of those interested. The demandant has failed to prove that his father attempted in any way to deprive the lawful owners of the farm of that to which they were justly entitled. The verdict must be set aside, and there must be a

*New trial.*