## WARREN *v.* COCHRAN.

A judgment, in general, is not evidence against any one who is not a party or privy to it.

Where a person, claiming to be a *bona fide* purchaser of real estate, has made a verbal contract for the sale of it, and the proposed purchaser has gone into possession, a judgment on a mortgage of earlier date against the tenant, will not estop the seller from showing such mortgage to be fraudulent, unless he had notice of the suit.

TRESPASS.  The parties agree that John Walker was seized of the premises in which the trespass is alleged to

Warren *v*. Cochran.

have been committed, on the 28th of February, 1840, and on that day mortgaged the same to Daniel Walker, the consideration expressed in the mortgage deed being $1,195.

On the 14th of December, 1844, John Walker sold the premises, by deed of warranty, to Nathan Warren, the plaintiff.

Subsequent to the date of said mortage and deed, Daniel Walker died, and the defendant was appointed administrator of his estate. After the conveyance to Warren, one Ezra Carr bargained with him for the premises, but no deed or writing was given. Carr occupied the premises about two years previous to the 15th day of March, 1849. On that day, the said defendant, as administrator, sued out a writ on said mortgage against Carr. The suit was entered April term, 1849, and judgment by default rendered at the same term.

At the time of the service of the writ on Carr, and for a long time before and after, the plaintiff lived in Massachusetts, and had no knowledge of the suit, nor was any service made or ordered on him.

The defendant took possession under the judgment, and leased the premises to Carr, who continued on the premises more than a year.

The plaintiff offered to prove that the mortgage was fraudulent, there never having been any consideration for it. The defendant objected to the evidence. The question is, whether the evidence is admissible.

*Preston*, for the defendant.

*Atherton & Sawyer*, for the plaintiff.

BELL, J. This case does not depend on any question as to the effect of a foreclosure under process of law. It is to be decided upon principles applicable to the earlier proceedings. The plaintiff alleges that he was a *bona fide* purchaser

of this property, for an adequate valuable consideration, and is, therefore, entitled to inquire whether the mortgage under which the defendant claims was fraudulent. The defendant objects to this inquiry, because he alleges that he commenced and prosecuted a suit at law on his mortgage against the tenant, whom he found in possession, and recovered a judgment, and is now in possession under process of law; and this judgment precludes all inquiry into the validity of the mortgage. The sole questions here are, is the plaintiff bound by the judgment against Carr? Is he estopped or concluded by that judgment to deny the validity of the mortgage upon which it is rendered?

The plaintiff here is a stranger to that judgment. He was not a party to the suit, and had no notice of the proceedings. He was not a privy to Carr, the actual party, either in blood or estate. He stands, therefore, in the position of a mere stranger to the proceedings, and entitled to take any exception or raise any question which is competent for such stranger.

There is, perhaps, no case where the law is more clearly settled than in this. " It is certainly true, as a general principle," says *De Grey*, C. J., " that a transaction between two parties, in judicial proceedings, ought not to be binding upon a third; for it would be unjust to bind any person who could not be admitted to make a defence, or to examine witnesses, or to appeal from a judgment, if he might think it erroneous." *Duchess of Kingston's Case*, 20 How. State Trials 578, quoted 2 Ph. Ev. 4. And the same principle is laid down in this court by *Richardson*, C. J., in *Lawrence* v. *Haynes*, 5 N. H. Rep. 33, where he says, " It did not appear that either of these parties was in any way a party to those proceedings. The whole must, therefore, be considered with respect to this plaintiff and defendant as *res inter alios acta;* and we consider it as settled that no record of an adjudication can be used as evidence of the facts upon which it is founded, in a suit between persons

who are strangers to the adjudication." And in *Burrill* v.
*West*, 2 N. H. Rep. 192, " A verdict or judgment in a
former action upon the same matter directly in question, is
evidence not only for or against the parties to the suit, but
for or against privies in blood, privies in estate and privies
in law. But neither a verdict nor a judgment can, in gen-
eral, be evidence for either party, in an action against one
who was a stranger to the former proceeding, who had no
opportunity to examine witnesses or to defend himself;"
and in *Thrasher* v. *Haines*, 2 N. H. Rep. 443. In the two
last cases he introduces some exceptions; thus in the former
he says, " It is not necessary that he against whom a judg-
ment is to be used as evidence, should have been actually a
party to the suit in which it was rendered. But, in general,
notice of the suit and opportunity to be heard, seem indis-
pensable to make the judgment evidence;" and in the last,
" There are cases where a judgment will be plenary evi-
dence of a debt, even against strangers to it. Thus where
a third person is answerable to a defendant, in a suit for
what may be justly recovered against him, if, after due no-
tice of such suit given to such third person, a judgment is
without fraud recovered against such defendant, it will be
conclusive evidence against such third person of a debt." 2
Cow. & Hill Notes, 5, 165.

In this case, Carr was a *quasi* tenant of the plaintiff,
holding under a contract to purchase, and the plaintiff
might be in some sort regarded as a warrantor of his title,
and might, perhaps, be bound by a recovery against him, if
he had been seasonably notified of the suit against Carr,
and thus had opportunity to defend his title; but no such
notice is pretended. Some other exceptions are referred to
in *Burrill* v. *West*, as " questions of custom or toll, custom-
ary right of common, or a public right of way," but these
do not affect the present case.

A judgment is evidence relative to itself, and to the acts

and claims of the parties to the proceedings, but that case differs essentially from this.

There are other exceptions, as where the party against whom a judgment is offered can be shown to be the real party, *Boynton* v. *Willard*, 10 Pick. 166 ; or where a party has stipulated to be bound by a judgment in another case. *Patton* v. *Caldwell*, 1 Dall. 419. But this case falls within no exception that we are aware of, and the general rule, consequently, must apply, that the plaintiff being a stranger, is in no way bound by the judgment against Carr, and the evidence in question should have been received.

*New trial granted.*