## HATEVIL K. STANTON *vs.* JOHN STANTON.

*A.* was sued upon a note of hand and pleaded the statute of limitations. It was
proved that he made the note, and that the same had been presented to him with-
in six years, when he said, " that he did not recollect giving the note, but if he
" did, he would pay it, its being outlawed should make no odds :" this was held
sufficient to take the case out of the statute.

Assumpsit upon a note, dated December 22, 1809, for
$25 39, payable to the plaintiff on demand with interest.
The defendant pleaded in bar, that he did not promise with-
in six years, &c. The plaintiff replied, that the defendant
did promise within six years, &c.

The cause was tried here at September term, 1821, when
the plaintiff introduced a witness, who testified, that " some-
" time in June, 1820, he saw the defendant, and shewed him
" the note, when the defendant said, that he did not recol-
" lect giving such a note, but if he did, he would pay it ; its
" being outlawed should make no odds."

The plaintiff then produced a witness, who testified "that
" he had frequently seen the defendant write, knew his hand
" writing well, and had no doubt the note in question was
" signed by him."

The court, being of opinion, that the evidence, if believ-
ad, was insufficient to maintain the issue on the part of the
plaintiff, directed the jury accordingly, who returned a ver-
dict for the defendant.

*Sawyer,* for the plaintiff, moved the court to grant a new
trial, on the ground of a misdirection to the jury, and the
cause was continued to this term, when the opinion of the
court was delivered by

Stanton
*vs.*
Stanton.

(1) 2 Shower
126, Dukson
vs. Thompson.

RICHARDSON, C. J. In the 32d year of Charles II., the court of King's bench held, that a *promise to pay* took a case out of the statute of limitations; but that a simple acknowledgment of the debt did not.(1) But in the 10th year of William III. it was held, that although an acknowledgment of the debt was not in itself a promise, yet it was evidence of a promise to be left to a jury. 1 *Ld. Ray.* 421, *Hyleing vs. Hastings.*—*Carthew* 470, *S. C.*—*Comyn's Rep.* 54, *S. C.* Had courts constantly adverted to this distinction, there would have been much less confusion in the books on this subject than is at present to be found. The better opinion is at this day, that a simple acknowledgment of the debt does not take a case out of the statute; but such acknowledgment is evidence from which a jury may, if there be nothing to rebut it, presume a promise to pay, which will take the case out of the statute. But if the defendant, when he admits the debt, declares that he does not intend to pay, or that he intends to avail himself of the statute, the presumption of a promise to pay, resulting from the admission of the debt, is rebutted by the express declarations of the defendant, and a jury would not be at liberty to presume a promise against such declarations. 15 *John.* 511, *Sands vs. Gilston.*—13 *ditto* 288, 510.—5 *Binn.* 573, *Jones vs. Moose.* —11 *John.* 146, *Danforth vs. Culver.*—10 *ditto* 35, *Dean vs. Pitts.*—8 *ditto* 407, *Bush vs. Barnard.*—4 *Es. N. P. cases,* 36, *Davis vs. Smith.*—4 *John.* 461, *Sluby vs. Champlin.*—4 *East* 599, *Bryan vs. Horseman.*—2 *D. & E.* 760, *Lloyd vs. Maund.*—8 *Mass. Rep.* 133, *Baxter vs. Penniman.*

In the present case, the direction of the court to the jury was clearly wrong. There was an express promise by the defendant to pay, if he made the note. And we are all of opinion that there must be

*A new trial granted.*