## MERRIMACK, AUGUST TERM, 1826.

CALEB BUSWELL, *administrator of* JONATHAN ROBY,

*vs.*

PHILIP N. ROBY.

Where the statute of limitations has been pleaded, proof that the defendant admitted the debt to be just, although he at the same time said, that he did not think the creditor intended he should pay it, is proper to be submitted to a jury as evidence of a new promise.

In an action of assumpsit, brought by an administrator, the defendant pleaded the statute of limitations, to which the plaintiff replied, that the defendant promised to the intestate to pay within six years—it was held that evidence of a promise to the administrator was admissible to maintain the replication.

ASSUMPSIT upon a note, dated June 14, 1814, payable by the defendant to the plaintiff's intestate on demand, for $144, 71. The plaintiff declared only upon the promise made to the intestate. The defendant pleaded the statute of limitations, to which the plaintiff replied a promise within six years to the intestate.

The cause was submitted to the decision of the court upon the following facts.

The defendant made the note, and on the 29 August, 1816, the sum of $10,50 was indorsed upon it with his consent. After the death of the intestate, when the note was read in the presence of the defendant, he said, that it was outlawed, and then one said, "it is a just debt, is it not," to which the defendant replied, " yes, but I do not think my father meant I should pay it," and the questions raised in the case were, 1 whether the admission by the defendant, that the debt was just, was, under the circumstances, evidence of a promise to pay ; 2 whether the evidence was admissible upon the declaration in the present case ?

And it was agreed, that if the court should be of opinion, that this evidence was competent to be submitted to a jury, as the case stood, judgment should be rendered for the plaintiff.

*H. B. Chase*, for the plaintiff,

*H. G. Harris*, for the defendant.

RICHARDSON, C. J. delivered the opinion of the court.

We are of opinion, that the admissions of the defendant are, under the circumstances, evidence of a new promise proper to be submitted to a jury. We think the true rule is,

that where the defendant admits the debt to be just, and says nothing at the time inconsistent with an intention on his part to pay, a jury may infer from the admission a promise to pay. Here the defendant made such an admission ; and although he at the same time declared, that the note was outlawed, and that he did not think his father intended he should pay, these declarations do not seem to be inconsistent with an intention on his part to pay. The debt being just, it may fairly be presumed, that he meant to pay, notwithstanding what he said. 2 *N. H. Rep.* 425, *Stanton vs. Stanton.*

We are also of opinion, that the evidence is admissible upon the pleadings, as they now stand. We are aware, that it has been long settled in England, that when an administrator declares upon a promise made to his intestate, the declaration cannot be supported by evidence of a promise made to the administrator after the decease of the intestate. 3 *East* 409, *Sarell vs. Wine.*—2 *L. Ray.* 1101.—6 *Mod. Rep.* 309— 1 *Salk.* 28.—*Willes' Rep.* 27, *Hickman vs. Walker.*—1 *Chitt. Pl.* 205—6 *Taunt.* 210, *Ward vs. Hunter.*

But in this state, and in Massachusetts, the practice has always been otherwise. The point was decided in the supreme court of Massachusetts in 1811. 8 *Mass. Rep.* 134, *Baxter vs. Penniman.*

In the case of *Hale vs. Roberts,* adm'x. in the county of Strafford, September term, 1820, the plaintiff declared in assumpsit on a note made by the defendant's intestate. The defendant pleaded the statute of limitations ; to which the plaintiff replied a promise within six years ; and it was held, that evidence of admissions made by the defendant was competent to prove a new promise, although there was no allegation in the pleadings, that the promise was made by her.

We are not aware, that any inconvenience has resulted from this practice, and are not therefore disposed to change it ; there must therefore, according to the agreement of the parties, be

*Judgment for the plaintiff.*