# STRAFFORD,

## DECEMBER TERM, A. D. 1840.

---

## Hodgdon, Adm'r, *vs.* White & a., Ap'ts.

An executor or administrator is not bound to interpose the general statute of limitations, in bar of the recovery of a demand, against the estate, which is otherwise well founded.

And he may have a license for the sale of real estate, in order to pay claims barred by the statute, but admitted by him, and appearing to be just.

But if, on application for a license to sell, evidence is offered tending to show that the demands for the payment of which the license is asked have been paid; or if they are so stale that, aside from the statute of limitations, a strong presumption arises against their validity, that will form a sufficient ground upon which the court in its discretion may refuse to grant a license.

An executor or administrator has no right to refuse or neglect to avail himself of any defence furnished by the statute provisions limiting actions against him, and which are intended to insure the speedy settlement of estates; and no license can be granted to sell real estate for the payment of demands which are barred by those statutes.

APPEAL from a decree of the judge of probate.

The appellee, as administrator of the estate of Deborah Coffin, filed a petition in the probate court, praying for license to sell real estate, for the payment of debts. The judge of probate, upon consideration of the petition, made a decree granting the prayer of it, from which the appellants, who were purchasers of the share of one of the heirs at law, claimed an appeal—Because,

1. The intestate did not owe any debts, or more than her personal estate was sufficient to pay—

2. The debts alleged to exist against her, or her estate, and for the payment of which the real estate is ordered and decreed to be sold, if ever due were all or nearly all barred by the statute of limitations, at the time of her decease—

3. An administrator has no right to pay or revive a claim against his intestate, that was barred by the statute of limitations at the time of the decease of the intestate. And the judge of probate has no right or power to authorize the sale of the intestate's real estate for the payment of claims thus barred—

4. The appellee has not settled or exhibited any account of his administration, nor has any judgment been recovered, or suit commenced, against him as administrator.

It appeared that the claims, for the payment of which the administrator sought the license to sell, were made in behalf of two nieces, and of the estate of a nephew, of the intestate, for boarding, clothing, nursing, &c., furnished her from 1818 to her decease in 1837, she being very aged and infirm during that period. The income of her estate during the term was credited.

There was evidence that the intestate, in 1829, or 1830, upon the occasion of a request, on the part of the nieces, that she would empower an individual to receive the damages to which she was entitled on account of a highway laid through her land, said, the girls need not worry, she had property enough, and they should be well paid for all their trouble and expense on her account.

*Christie,* for the appellants.

*James Bell, & Hodgdon,* for the administrator.

PARKER, C. J.   There is evidence tending to show that the services rendered, and articles furnished, by the claimants, were regarded at the time, not as a matter of benevolence, or gift, but as creating a debt ; and the administrator is of opinion that claims still exist, which ought to be paid.   The greater portion of the claims, however, accrued more than six years before the decease of the intestate ; and the principal question is, whether the administrator is bound to insist upon the

statute of limitations as a bar, or whether he may disregard it, and make payment as if it did not exist. There is no evidence tending to raise a supposition that any thing has been paid, beyond what is credited, except the evidence derived from the lapse of time.

The abstract in *Thompson* vs. *Peter*, 12 *Wheat. R.* 565, is, "An acknowledgment of the debt by the personal representatives of the original debtor deceased will not take the case out of the statute of limitations." It may be doubted whether the opinion of Mr. Chief Justice Marshall sustains this as the decision. He says, " The original administrator did acknowledge the debt, but said there were no funds in hand to pay the debts of the testator." " The conversation with one of the present defendants was still farther from being an acknowledgment." He proceeds to say, that had this been a suit against the original debtor, these declarations would not have been sufficient, but that it was brought against his personal representatives, who might have no knowledge ; and adds, " Declarations against him have never been held to take the promise of a testator or intestate out of the act. Indeed the contrary has been held."—This may have been intended as an assertion that a mere acknowledgment of the debt, by the personal representative, was not sufficient to take the case out of the statute ; but the decision evidently proceeds upon the ground that there had been no such acknowledgment.

It has, however, been ruled in England, at nisi prius, that a mere acknowledgment of the debt, by an executor, will not take the case out of the statute ; but that there must be an express promise. *Ryan & Moody* 416, *Tullock* vs. *Dunn.* And it was further ruled, in the same case, that an express promise by one of two executors was not sufficient ; which would seem to be somewhat adverse to the spirit of other decisions there, founded upon an admission, or payment, by one of two joint debtors. But the distinction may be sound.

This court has held that evidence of admissions made by an administrator is competent to prove a new promise. *Hale*

vs. *Roberts*, cited in *Buswell* vs. *Roby*, 3 *N. H. Rep.* 468. This of course must be understood as referring to admissions of an existing debt of the intestate, which the administrator was liable and willing to pay, from which a promise might be inferred.

A letter from an administrator, written nearly five years after the death of the intestate, referring to a demand made upon him, saying that he expected to be in the city in a few days, and would settle the matter in some way, has been held sufficient to take the case out of the statute. 5 *Binney's R.* 573, *Jones* vs. *Moore.*

In *Johnson* vs. *Beardslee*, 15 *Johns. R.* 3, the court held that a promise by executors would take the case out of the statute, when the action was against the heirs and devisees, the executors being two of the defendants.

It has been decided in Massachusetts that a new promise by an executor or administrator, within six years, takes the case out of the statute of limitations, as well in an action against an administrator *de bonis non*, as against the original executor or administrator. 16 *Mass. R.* 429, *Emerson* vs. *Thompson.*

And in *Atkins* vs. *Tredgold*, 2 *Barn. & Cres.* 23, although it was held that the payment of interest by one maker of a note did not take the case out of the statute as to the executors of another, no doubt was expressed of the power of the executors to do so.

Lord Hardwicke said that no executor was compellable, either in law or equity, to take advantage of the statute of limitations, against a demand otherwise well founded. 1 *Atkins* 526, *Norton* vs. *Frecker.*

This general principle seems to be fully settled by the authorities already adverted to. *Vide also Angell on Lim.* 278; *Williams on Executors* 1196; 13 *Mass. R.* 164.

It has been decided that an executor has no right to retain for a demand barred by the statute due to himself personally, notwithstanding there was a provision in the will for the

payment of all just debts. 3 *Wend. R.* 503, *Rogers* vs. *Rogers.* The administrator was deemed to have no rights except as a creditor ; and a case of that description may, perhaps, well form an exception to the rule allowing him to take a demand out of the operation of the statute.

But a further question is suggested by the case *Mooers* vs. *White*, 6 *Johns. Ch. Rep.* 360, 389, where Mr. Chancellor Kent expressed the opinion, that the heirs, or persons interested in the real estate, might appear before the surrogate, or judge of probates, and oppose the application of the executor for a sale of lands, and might interpose the statute of limitations, in the same manner as if they were sued by the creditor ; and that to warrant an order for a sale of the real estate, for the payment of debts, it must be shown that there were debts, not barred by the statute of limitations, beyond the amount of the personal estate. There were other points, however, upon which that case turned, and the decision of it is predicated in no small degree upon the statutes and practice of New-York. So far as the reasoning is based upon general principles, it is an authority here, entitled to the highest respect ; but we are of opinion that we cannot adopt the conclusion just stated, under our statutes, and the practice prevailing in this state. If we admit the power of the executor or administrator to remove the bar of the statute of limitations in any case, by his acknowledgment, or promise, we cannot well make a distinction between the personal and real estate, and deny the existence of the power where its exercise may affect the latter, while we admit it if it will affect the personal alone.

By our statutes, the real estate of every person stands charged with the payment of his just debts. *N. H. Laws* 101. And during the lifetime of the debtor, a creditor who has obtained execution may levy upon the real or personal estate, at his election. On the decease of the debtor, the executor or administrator cannot apply the real estate to the payment of debts, if the personal is sufficient for the purpose,

(*N. H. Laws* 353) nor can he sell the real estate for that purpose without a license. But in default of personal estate to a sufficient amount, the executor or administrator may forthwith obtain license to sell so much of the real estate as is necessary for the payment of the debts. *N. H. Laws* 334, 365. And if the estate is administered as an insolvent estate, he is authorized by our statute to enter upon the real estate, and take the rents and profits, and maintain such actions as may be necessary for the purpose. *N. H. Laws* 370. The heir has no greater title to the real estate than he has to the personal, in this respect, except that if the personal is sufficient the real is not to be taken. But both are charged with the payment of the debts, and what is a debt as to one is a debt as to the other. The administrator is the party to make the payment. The heir has nothing to do with the payment of the debts, and his acknowledgment or promise will not take a case out of the statute. No action can be sustained against him here, if the right of action existed in the time of the administrator and a suit might have been brought against him. 3 *N. H. Rep.* 404, *Hutchinson* vs. *Stiles; 5 N. H. Rep.* 88, *Judge of Probate* vs. *Brooks.*

When the estate is not represented insolvent, the administrator may proceed at once and pay the debts. The authorities before cited show that he is not obliged to insist on the statute of limitations as a bar. By his acknowledgment or promise he may remove the bar, so that he cannot insist on it; and if he cannot do so, it is not readily perceived how the heirs are to take the defence of a suit against him, and to do it in his name. Clearly, then, he may apply the personal estate to the payment of debts which are barred by the statute, if he thinks proper. He does it at the peril of losing the amount, if he is not able to show by reasonable evidence that the debt was just, notwithstanding the lapse of time; for the statute furnishes *prima facie* evidence against the allowance of the claim, and the heirs may object to the allowance of the amount to him, on the settlement of his administration

account. But if he, by the payment of such demands, reduces the personal estate so that there is not sufficient left to pay the claims which never were barred by the statute, what is to be done? If the judge of probate, on the objection of the heirs, should refuse a license to sell real estate for their payment, neither he, nor the administrator, could prevent the creditors from obtaining judgments, and levying their executions upon the real estate in satisfaction. 2 *N. H. Rep.* 341, *Mead* vs. *Harvey.* Still less could the heirs interpose any obstacles to such a course ; for they would not be parties to the proceedings, and could make no defence if they were so. The real estate, therefore, might lawfully be sold, on license, for the payment of the residue of the claims which were never barred. Nor could the heirs, upon the settlement of the administration account, prevent an allowance to the administrator for any claims he had paid from the personal estate, where he might have interposed the statute as a defence, provided he could show that they were in fact justly due. It would not be waste. 13 *Mass. R.* 164, *Scott* vs. *Hancock.* And if the real estate might be sold in a case like the one supposed, because the personal had been lawfully appropriated to the payment of claims barred by the statute, but recognized by the administrator as due, it may equally well be sold for the payment of the debts so barred, but admitted. For if license should not be granted, and the administrator should be sued upon a debt which had been due more than six years before the death of the intestate, but which the administrator had admitted to be justly due, and promised to pay ; or to which he did not think proper to interpose the statute as a bar ; judgment would be obtained against the estate, the execution might be levied on the land, and the act of the administrator would bind the heir, unless there was fraud. If there is mal-administration, to the prejudice of the heir, he may have a remedy on the administration bond. The payment of demands, where the right of action is barred by the statute, cannot, on any sound principle, be made to depend

Hodgdon *v*. White.

upon there being a sufficiency of personal estate for their payment.    Nor can there be any marshalling of assets, for the payment of debts, not barred, in the first instance, and for the others afterwards.    If the latter are paid, they are to be paid because, notwithstanding the statute, they are still debts, and the administrator has power to recognize and treat them as such ; and if they are debts, duly recognized as such by the proper authority charged with the duty of paying the debts, the real estate is liable to their payment, in default of a sufficiency of personal, as much as if the statute had never existed.

If, however, evidence should be offered to the court, tending to show that the demands, for the payment of which the administrator desired to sell the real estate, had been paid ; or if they were so stale that, aside from the statute of limitations, a strong presumption arose against their validity, that would form a sufficient ground upon which the court in its discretion might well refuse to grant a license to sell real estate for their payment.    6 *Johns. Ch. Rep.* 369, *and cases cited ;* 13 *Mass.* 162.    Such a state of facts might furnish good reason for disallowing the amount in the administration account, if the administrator had paid claims of that description out of the personal estate.

The application for a sale might itself come too late.    3 *Johns. Ch. R.* 376 ; 4 *Wend. R.* 436.    By the statute of July 2, 1822, no action shall ever be sustained against an executor or administrator, unless the demand, whether payable or not, was exhibited within two years from the original grant of administration to the executor or administrator acting as such at the time of the exhibition ; but every remedy for the recovery thereof shall be forever barred.    1 *N. H. Laws* 338.    And by the statute of Jan. 2, 1829, " no action shall be brought against any executor or administrator, upon any claim whatever, existing against his testator or intestate at the time of his decease, unless such action shall be commenced within three years after such cause of action shall have been exhibited to such executor or administrator."    1

*N. H. Laws* 370. It is settled in Massachusetts, that an executor or administrator cannot lawfully waive the benefit of the statute there, providing that no executor or administrator should be held to answer to the suit of a creditor, &c., unless the suit is commenced within four years after he gives notice of his appointment. 13 *Mass. R.* 201, *Brown* vs. *Anderson ;* 15 *Mass. R.* 6, *Dawes* vs. *Shed ;* 16 *Mass. R.* 429 ; *Ditto* 178. And it has been decided in this state, that a statute provision of 1789, by which, if any creditor should neglect to exhibit his claim within two years, &c., the demand should be extinguished, and the creditor totally barred from recovering the same, formed a bar that could be waived by him who represented the deceased only at his peril ; a claim not exhibited within the time being completely extinguished. 3 *N. H. Rep.* 492, *Gookin* vs. *Sanborn.*

If an executor or administrator should refuse or neglect to avail himself of the defence furnished by the statute provisions limiting actions against him, (which were intended to secure the speedy settlement of estates,) it would furnish a good reason for disallowing any sum he might have paid to satisfy the judgment recovered. And the judgment might not avail to charge the land, in the hands of the heir or devisee. 13 *Mass. R.* 165 ; 15 *Mass. R.* 61, *ex parte Allen.* The non-payment of a judgment so recovered cannot avail to charge the sureties of the administrator, in a suit on the administration bond. 3 *N. H. Rep.* 491 ; 15 *Mass. R.* 6.

If the circumstances were such that the court would not allow the amount in the administration account, if paid by the administrator out of the personal estate, we should doubtless refuse to grant him a license to sell real estate, in order that he might make the payment.

But the bar furnished by the general statute of limitations, cannot be, of itself, a sufficient ground upon which to disallow the amount, if paid, or upon which to refuse a license for the sale of real estate in order to make the payment, un-

less it is held, (as in the case of the statutes just adverted to limiting suits against executors and administrators,) that the administrator is not at liberty to waive the benefit of the statute, and that it is waste in him to pay a demand, or to suffer a judgment and sale, where he might interpose the defence of the general statute of limitations.   This we have seen, upon the authorities cited, cannot be done.

So long as the administrator may by his admissions take a demand out of the statute, and charge the personal estate with the payment notwithstanding the lapse of time, the course to be pursued in case the estate is represented insolvent shows that his admission may equally affect the real, with the personal, estate ; for the commissioner cannot make the allowance of a claim depend upon the question whether there will be sufficient personal estate to pay all the debts. This cannot be ascertained until his duties are performed. And if he allows a greater amount than the personal estate will pay, the real estate must be sold to make up the deficiency, without any enquiry whether a portion of the claims were or were not within the statute, had the administrator seen fit to have relied upon it and objected to their allowance.

With respect to the claims for which the license is sought in this case, although some portion of them arose several years before the decease of the intestate, another portion is not within the statute, and these portions are so connected that the latter may have some operation upon the consideration to be given to the former.   The claims are for a continued care and attendance upon the intestate, for several years prior to her decease.   There is evidence to show, that a few years before her death she regarded this as a service for which compensation ought to be made, and declared that the claimants should be paid.   There has been no delay since her death in making the claim, so that the administrator could avail himself of the lapse of time since his appointment to defeat an action.   And the appellants, under these circum-

stances, cannot stand in any better situation than their grantor, the heir, could have stood, if they had not purchased.

The exceptions which they have taken must, therefore, be overruled.