McBride, judge,
dissenting.
The evidence in the case shows that although the bond in suit had *98 been executed and due near fourteen years before the institution of the action, yet interest had been paid thereon by Cook, the principal, within the last ten years, and that a short time prior to the commencement of the action, Cook admitted that the bond had not been paid and promised to use exertion to pay it. • Now, how far do the acts of Cook affect the legal rights of Craig the defendant. Craig is entitled to the benefit of the statute of limitations unless the payment of interest by, or the admissions of Cook can be made to attach to Craig and take the case out of the operation of the statute as to him also.
I find from an examination of the authorities that however the question might be decided, the decision' would not be unsupported by high authority; for the courts in England and in this country have, at different periods of time, entertained different opinions on the subject. This court is therefore left free to decide the question according to the principles of right and justice.
A reference to some of the adjudged cases will show the conflict of opinion above intimated. The first case deserving of notice is that of Whitcomb vs. Whiting, 2 Douglass R. 652, and which may be regarded as the basis of all the subsequent similar adjudications on the subject. The action in the case was assumpsit on a promissory note. Plea, th© statute of limitations. The plaintiff to sustain his action, produced a joint and separate note executed by the defendant and three others; and having proved payment, by one of the others, of interest on the note, and part of the principal within six years, insisted that such payment took the case out of the statute as to all the makers; and Lurd Mansfield held “ that payment by one is payment for all, the one acting virtually as agent for the rest; and in the. same manner, an admission by one is an admission by all; and the law raises the promise to pay when the debt is admitted to be due. 2 Stark Ev. 896 ; 2 Pick 581; 3 ib. 291; 6 Johns 267; 15 ib. 3; 2 H. Bl. 340 ; 1 Taunt 104.
This enunciation, made by so distinguished a jurist, has been adopted by many judges; whilst others, regarding the principle repugnant to reason and justice, have refused to follow it. Of this latter class, is the supreme court of the United States, which in the case of Bell vs. Morrison et al repudiate the doctrine held in Whitcomb vs. Whiting. After reciting the opinion delivered in this latter case, the court say, fie this is the whole reasoning reported in the case, and is certainly not very satisfactory. It assumes that one party who has authority to discharge, has, necessarily also, authority to charge the others ; that a virtual agency exists in each joint debtor to pay for the whole; and that a virtual agency exists by analogy to charge the whole. Now, this *99 very position constitutes the matter in controversy. It is true, that a payment by one, does enure for the benefit of the whole ; but this arises not so much from any virtual agency for the whole, as by operation of law, for the payment extinguishes the debt; if such payment were made after a positive refusal or prohibition of the other joint debtors, it would still operate as an extinguishment of the debt, and the creditor could no longer sue them. In truth, he who pays a joint debt, pays to discharge himself; and so far from binding the others conclusively by his act, as virtually theirs also, he cannot recover over against them, in contribution, without, such payment has been rightfully made, and ought to charge them.”
“When the statute has run against a joint debt, the reasonable presumption is that it is no longer a subsisting debt; and therefore there is no ground to raise a virtual agency to pay that which is not admitted to exist. But, if this were not so, still there is a great difference between creating a virtual agency, which is for the benefit of all, and one which is onerous and prejudicial to all. The one is not a natural or necessary consequence from the other. A person may well authorize the payment of a debt for which he is now liable; and yet refuse to authorize a charge, where there at present exists no legal liability to pay. Yet, if the principle of Lord Mansfield be correct, the acknowledgment of one joint debtor will bind all the rest, even though they should have utterly denied the debt at the time when such acknowledgment was made.”
To this reasoning of the supreme court of the United States, it may be replied, that the point discussed, did not arise in the case, and hence, what is there said is not entitled to that respect which under other circumstances it should receive. Although the question before that court was one involving the power of one co-partner, after the dissolution of the partnership, and after the statute had run, to revive the debt against his co-partner by an assumpsit on his part; yet, the case commented on, was in its leading facts, similar to the case now before this court; and besides, if the principles held in the case of Whitcomb vs. Whiting, is not applicable to partners, I can discover no reason why it should be applied to joint promissors. Indeed, there is more propriety for its application to partners, who are regarded in law, in many instances, as but one person, than to joint obligors, who are wholly unconnected in every other respect. One partner may, by his own individual act, bind his co-partner in an original undertaking, and I apprehend, that he may, by his promise to pay a debt barred by the *100 statute, render his co-partner also liable; but after the dissolution of partnership, they cease to sustain the relation which conferred that power, and become as other joint obligors, each having to act for himself. Now, joint obligors have not the power of binding each other in the first instance, and upon principle, one should not have the power of continuing the liability of his co-obligor, after its termination by operation of the statute.
I am aware that a distinction is taken by some, between a case, where the statute has not run before the payment of interest, and where the payment of interest is after the debt is barred by the statute; but to my mind there is no difference in principle, for in each case the right is claimed of holding a co-obligor liable, and bound by the acts of another, This is what I deny; whether done before or after the statutory bar.
I find a case reported in the 6th N. H. Rep. 124, where the opinion of the court so fully meets my views, that I will here transcribe a portion of it:—“ Those who hold that an acknowledgment or partial payment of the debt, by one, may take the case out of the statute, as to all the joint debtors, found their opinion on the ground, that the bar created by the statute, rests entirely upon the presumption, that the debt has been paid, 'and that such acknowledgment or payment removes the presumption, and revives the original promise. And they conclude, and if this be a correct view of the subject, very justly conclude, that in this, as in either cases, an acknowledgment by one, of many, who are jointly concerned, is evidence against all, sufficient to remove the presumption of payment. This is the explanation given by Best. C. J. in Perham vs. Raynald, 2 Bingham 306. And this is the explanation given by Lord Mansfield, in Douglass 652. He says “ an acknowledgment by one, is an admission by all, and the law raises the promise to pay, when the debt is admitted to be due.”
“ It is not known that any other explanation has ever been attempted.” ,8 Mass. 134.
“ But, if this be the true construction of the statute of limitations, it is clear that many cases, which have been overruled as not law, in latter times, are founded on true principles. For, if the admission of the debt takes the case out of the statute, it ought to do so, even if he, who makes the admission, declares at the time, that he will never pay. It is wholly immaterial what his intentions may be. He admits the debt, and this removes the presumption of payment.”
“ Those who hold the opinion, that an acknowledgment of the debt, by one, does not take the case out of the statute as to another joint prom *101 issor, rest their opinion on the ground, that an acknowledgment of the debt, does not, in any case, take a case out of the statute, and, that it is only evidence of a promise, which may revive the debt, but not the original promise.”
“ The principle, that an acknowledgment of the debt is only evidence of a new promise, has often been recognized by this court. 2 N. H. Rep. 425; 5 Ib. 154; has been adopted by the supreme court of the United States, 1 Peters 351,—by the supreme of court Mass., 8 Pick. 206,—by the supreme court of New York, 15 Johns 511,—and by the supreme court of Pennsylvania, 5 Binney, 573.”
“It seems to be now becoming the general opinion, that an acknowledgment of the debt, that will warrant the finding of a new promise, must be an unqualified and direct admission of a present existing debt, which, the party is liable and willing to pay. If the debt be admitted, but the debtor at the same time refuses to pay, no promise can be raised by implication. Tjre acknowledgment or new promise is not deemed to be a continuance of the original promise, but a new contract, supported by the original consideration, or evidence of such a contract.”
This view of the operation of' an acknowledgment of the debt, is believed to be conformable to the general current of the English, as well as of the American decisions, and has been explained and enforced by Mr. Justice Story, in a most able and satisfactory manner. 1 Peters, 351.
“If then, the admission of a debt does not, of itself, take the case out of the statute, but is only evidence* of a promise which may have that effect, the principle, that an acknowledgment by one joint debtor will take the case out of the statute as to another,rfalls to the ground; there is nothing left to support it. For, although one joint debtor may admit the fact of the 'existence of the debt, which admission will be evidence of that fact against another joint debtor, still, it by no means follows, that, by such admission he can raise a new promise that will bind another joint debtor. It is not pretended that one can make a new contract, in such a case, that will bind the other.”
“The admission may prove against all, that there is a just debt that has not been paid. But it can go no further. This is not enough. Before a new promise can arise, it must appear, not only that there is a subsisting debt, but that there is such a debt, which, the party to be charged, is willing to pay. The admission of a debt by one does not furnish any ground to presume that another is willing to pay. If an acknowledgment of the existence of the debt by one, can furnish a *102 ground to presume a promise by another in his absence, it may do it in cases, where the other, if present, would refuse to pay. Indeed it may do it in a case where the other has actually'paid the debt. In the case of Cambridge vs. Hobart, 10 Pick. 232, a distinction is made between an admission made by a sole debtor, and one made by one of several debtors. And where one of two makers of a note, many years after the note was given, said he presumed that it was not paid, it was held that this was not enought to take the case out of the statute as to himself, because, under the circumstances, it had very little tendency to rebut the presumption of payment, arising from the lapse of time. This distinction seems to us, to show that the old rule can rarely be safely applied in any case.”
“ When there is only one debtor, he must know whether the debt is paid or not. But where there are several debtors, there may be payment by one, without the knowledge of the rest.”
“ If one joint debtor admits that he owes the debt, and says nothing to the contrary, it may be inferred, from his silence, that he is willing to pay. But his silence can furnish no ground to presume that another who is absent, is willing to pay.”
“ If one debtor promises to pay when he is able, does this take the case out of tlje statute as to another, who is able to pay ? It is as clear an admission of the debt as can be made. But if it take a case out of the statute as to the other, it may do it, in case where he who makes the admission does not take the case out of the statute with respect to himself.”
“We are, on the whole, of opinion that a payment by one joint debt- or, does not take a case out of the statute as to another; that the rule which has given that effect to such a payment, cannot be sustained upon principle.”
Although in the opinions delivered, no argument is predicated upon the fact, that the obligations sued upon, were according to the principles of the common law, joint, and not joint and several, yet such may have been the case, and hence the idea, that the admissions of one joint obligor, must control and govern the rights of all the obligors. But, under our statute, no such pretence can find any foundation upon which to base such a principle. The obligation, if joint in its terms, would be held to be several also, and the obligee could maintain an action against any number of the makers.
For the foregoing reasons the judgment of the circuit court ought to be reversed.