Curia.

The provision of the statute of 1791, upon which the defendant’s plea in bar is predicated, was intended for the benefit of the estates of deceased persons, and of those interested in them; and not for the personal convenience of the executors or administrators.
The general statute of limitations has always been considered as furnishing to debtors prima facie evidence of payment; and any counter evidence is admitted. An acknowledgment of the debt, therefore, by an executor or administrator, as well as by the original debtor, has been held to avoid that statute. But the statute we are now considering has no regard to the payment or non-payment of the debt ; it was designed to produce a speedy settlement of estates, that the heirs might be quieted. A promise of the administrator can, therefore, have no effect to bind tbe estate. He may decline pleading the statute ; but, if he does, without consent of the heirs, he may expose himself for his unfaithful conduct. The promise creates only a personal obligation on the part of the person making it; but cannot affect the estate, †

Replication adjudged bad.

 See Thompson vs. Brown et al., 16 Mass. Rep. 178