Parker, C. J.
The principles, which lead to a decision of this cause, have frequently been recurred to and settled in other causes. In the case of Scott vs. Hancock, it was decided that license should not be granted to an administrator to sell the real estate of the intestate to pay debts, after an unreasonable time had elapsed without any suit having been brought by a creditor against the administrator; and for this reason principally, that the administrator might and ought, if sued, to plead the statute of limitations.
In the case of Brown & Al. vs. Anderson, Adm. (7), it was distinctly stated that an executor or administrator is bound, virtute officii, to plead the statute, whenever a debt is claimed which would be barred by it; and therefore no promise of the executor or administrator could operate to defeat the statute so pleaded (8).
In the case of Allen, Pet. (9), it was determined that an executor, having paid the debts and legacies of the testator, should not have license to sell the real estate, to reimburse himself; he having suffered more than four years to elapse, before he exhibited his account to the judge of probate, and the estate having been by him conveyed.
The principles governing these cases necessarily produce [ * 179 ] a decision in that now before us that the license to * sell, obtained by the administrators de bonis non, was void, and that all the proceedings under it are nugatory.
The debt, for which the land was sold, was due from the estate of John Harris. He died in the year 1804, having made his will, by which he constituted his brothers Jonathan and Thomas his executors and residuary devisees. They gave bond in the probate office, with sureties, to pay all the debts due from the deceased, and all the legacies given by his will; and, not being obliged by law to return an inventory, they did not in fact return one. The bond so given is the security intended by the statute for the creditors and legatees ; if insufficient, it is the fault of the administrators, or the effect of accident and misfortune occasioned by the lapse of time. It never was intended, that persons having claims should trust to *153 this personal security, until the time of limitation had occurred; and then resort to the lands of the testator, which, in the mean time, may have passed into different hands by legal conveyances, which the executors have power in such case to make.
We think it clear that no executor, who is residuary devisee, and has acquired a perfect title to the estate (10), by giving the bond required by law, for the payment of the debts and legacies, ought to hi ve license to sell the real estate, to discharge his obligations. Nor is such license in any degree necessary ; as an executor, so circumstanced, may sell without such license. The statute itself carries with it a prohibition of a license in such a case; for, there being no inventory, it is impossible for the judge of probate to make the certificate, which is necessary to give authority to the court.
The land demanded in this suit was legally settled upon Jonathan Harris, by virtue of a release from his co-devisee ; and it has been duly extended upon, to satisfy a debt of the said Jonathan. Thompson, the demandant, is to be considered in the light of a purchaser for a valuable consideration. Now, to permit the administrators de bonis *non of John Harris to defeat this title, [ * 180 ] by selling the estate as belonging to the deceased testator, would be manifestly unjust, and, we think, as contrary to the principles of law as to those of equity. By this means a negligent creditor, whq is barred by the statute of limitations from recovering his debt, may, contrary to the intention of the statute, disturb titles solemnly established; and obtain, by the mere will of such administrator, what the law considers him to have forfeited by his own negligence.
The lands of a deceased debtor are indeed charged, by the statute, with his debts ; but the lien cannot continue beyond the time fixed by the same statute, within which the creditor has a right to pursue his remedy. If he commence his action within four years after public notice of the trust undertaken by the executor or administrator, he may levy upon the lands of the deceased, in the hands of heirs, devisees or purchasers ; or the executor or administrator may have license to sell the real estate, if the personal be not sufficient, in ordinary cases. But where the executor, being residuary legatee and devisee, has given bonds to pay the debts and legacies; although the creditor may have a right to levy within the time limited by law, the executor has no right to sell under a license of Court. He has, without such license, a subsisting right; and a license can only be *154 necessary, when the purpose is to defeat titles he has himself created. But the law will not aid him in such project; and if he should obtain a license, after the lien in favor of creditors has ceased, it must be considered as having been improvidently granted ; and a sale under it would, of course, be void against those who had previously acquired a title under the executor.
It has been argued by the counsel for the tenants, that as the ícense, under which the sale in this case was made, was obtained by administrators de lords non, and not by the executors, the case is more favorable to the tenants. But when the authority of the administrators commenced, the lien upon the estate was [ * 181 ] gone; and besides * we are to look to the original condition of the estate, and consider the bond of the executors as the only security for the creditors; unless within the time of limitation they prosecute their action, and levy upon the land.
As to the case of annuities, the right to which may not have accrued within the period of four years, if they are a charge upon the land, the annuitants must pursue their legal remedy ; but cannot, by the aid of the executor, or any subsequent representative of the testator, obtain a right to disturb titles which have been legally established under the authority of the wall (11).

Tenants defaulted.

 13 Mass. Rep. 201.

 [The English decisions are otherwise. Williams’s Exrs. 1110 —Norton vs. Frecker, 1 Atk. 526. —Castleton vs. Fanshaw, Prec. Chan. 100. —Ex parte Dewdney, 15 Ves 498.—Ed]

 15 Mass. Rep. 58.

 [It seems quite unreasonable to hold that, by merely giving bond, the residuary devisee can gain a perfect title to the estate. He holds it always subject to tlie charges upon it created by the law or the testator, and cannot have a perfect title to it until all those charges, whether they be debts or legacies, are extinguished.—Ed.]

 [It is difficult to reconcile the decision in the above case with certain elementary rules of law. The sale was made by virtue of a decree of a court having jurisdiction over the subject. Whether there were any debts or legacies, for the payment whereof the lands were liable, was a question which that court was competent to de cide, and from that decision there was no appeal.' The matter had passed in remjudi catara. And it seems to have been quite contrary to the principles both of law and equity, to disturb the title of a bonafi.de purchaser under such a decree and sale, who lad reason to rely upon its validity. Such decisions are attended with the most mis snievous consequences.—Ed.]