PARKMAN *vs.* OSGOOD & ALS. EX'RS,

To a plea of the statute of limitations by an executor of an estate represented insolvent, it is not a sufficient answer to say that the estate is solvent, and that *after* the lapse of four years a further time was allowed by the Judge of Probate for creditors to exhibit and prove their claims, under which the demand in suit was duly proved.

Whether an *application* to the Judge of Probate *within* four years from the granting of letters of administration, for further time for creditors to exhibit and prove their claims, is equivalent to *a suit*, so as to prevent the operation of the statute of limitations, the new commission not issuing till *after* the four years ;— *quære.*

*Assumpsit* on a promissory note made by the defendants' testator to the plaintiff. The defendants pleaded—*first*, the general issue ;—*second*, that more than four years before the commencement of the action, viz. *Jan.* 25, 1825, they were duly appointed executors, accepted that trust, and gave notice thereof as the

law requires. To this the plaintiff replied that afterwards, *Feb.* 1, 1825, the defendants represented the estate of their testator to be insolvent,—that thereupon the Judge of Probate appointed commissioners, who were duly qualified to receive and examine the claims of creditors,—that *Aug.* 1, 1825, the commissioners made to the Judge of Probate their report of the claims allowed against the estate, amounting to $1712,47,—that on the 14th of *April* 1815, the defendants returned to the Judge of Probate an inventory of the estate, amounting to $29,540,34;— that on the first day of *August* 1820, the plaintiff preferred to the Judge of Probate his petition that the commission might be again opened, and a reasonable further time allowed him to exhibit and prove his claim, which the Judge refused,—from which decree the plaintiff appealed to this Court, where the decree was reversed, and the petition remanded to the Judge of Probate, who thereupon, *April* 23, 1822, allowed the further time of three months for that purpose ;—that the plaintiff afterwards proved his claim before the commissioners, amounting to $432,52 which they allowed, and made their report thereof to the Judge, as the only claim presented to them ;—and that within twenty days afterwards the defendants gave notice in writing at the Probate Office, and also to the plaintiff, that they were dissatisfied with the allowance of his claim ;—and this &c. To this replication the defendants demurred generally.

In the *third* plea it was alleged that the defendants were duly appointed executors and accepted that trust,—as before ;—that *Feb.* 1, 1815, they represented the estate insolvent ;—that commissioners were duly appointed, qualified, gave notice, and made their report, which the Judge of Probate accepted ;—but that the plaintiff never presented his claim to the commissioners at any time within eighteen months next after the issuing of the commission. To this the plaintiff replied by setting forth the ulterior proceedings as before ;—and the defendants answered by a general demurrer.

*Greenleaf,* in support of the demurrers, cited and relied on *Brown v. Anderson & al.* 13 *Mass.* 301, as decisive of the case at bar.

*Orr* and *Bradley*, for the plaintiff, contended that the statute rendering the lapse of four years an absolute bar to actions against executors and administrators, was never intended to apply to estates represented insolvent. The mischiefs it was enacted to prevent are stated in the preamble, which may always be looked into in order to ascertain the meaning of the legislature. These mischiefs are the great loss and trouble occasioned to executors and administrators, by demands brought against them *after they have closed their accounts of administration*, and *after settlement of the estates they have administered is made among the heirs and devisees*. These, and these only, are the cases to which this statute was designed to extend. Where no account has been settled, and no distribution made, as in the present case, the reason of the law ceases, and therefore its provisions ought not to apply. *Guild v. Hale* 15 *Mass*. 455. And the Court may well give the statute this construction in the exercise of the equity powers conferred on it by *Stat*. 1821 *ch*. 50, in all cases of trust arising in the settlement of estates.

Upon any other construction creditors may be defrauded of their just debts. For if an estate be represented insolvent and a commission duly issued *before* the end of the four years, no action can afterwards be sustained against the executor. And if the commissioners do not meet to receive claims till after that period is expired, the claims are barred, because the presentment of the claim to the commissioners is made equivalent to the commencement of an action. Thus the creditor would be deprived of the benefit of the whole period within which to bring his suit, and the statutes, instead of being a shield for the protection of the honest executor, would become the instruments of injustice and fraud.

MELLEN C. J. delivered the opinion of the Court.

By the *Stat*. 1791 *ch*. 28, it is enacted that " no executor or " administrator who has been appointed since the passing of the " aforesaid act, [*Stat*. 1788 *ch*. 66] or who shall *hereafter* be " appointed, shall be held to answer to any suit that shall be " commenced against him in that capacity, unless the same shall " be commenced within the term of four years from the time of his " accepting that trust," &c. And in the last mentioned statute

it is enacted that " the filing a claim with the commissioners " upon an estate *represented insolvent*"—shall be—" esteemed " equivalent to originating *a suit* against executors or administra- " tors within the meaning of this act."

When an estate is not represented insolvent, any creditor, after the lapse of one year next after the executor or administrator has accepted his trust, may institute a suit for the recovery of his demand ; but he must commence it within four years, or he will be barred. If the estate should at any time within the four years be represented insolvent, then the statute bar will be avoided by filing his claim with the commissioners at any time within that period. If an estate is represented insolvent by the executor or administrator *immediately* on his acceptance of that trust, and only a portion of the *eighteen months* which a Judge of Probate *may* by law allow to creditors to bring in and prove their claims before commissioners has *in fact* been allowed,—suppose six months, as in the case before us,—the creditor must prove his claim within the six months, or obtain the allowance of further time, by applying to the Judge of Probate for that purpose, and filing his claim *within the four years.* Whether *such application only* would save his claim from the operation of the statute of limitations, need not be decided or examined in the present case, inasmuch as *five* years had elapsed between the time when the defendants accepted the trust and gave notice of it, and the time when the plaintiff petitioned the Judge to open the commission and allow further time to creditors to present and prove their claims.

In the case before us, the defendants, in their *second* plea, say that the suit was not commenced within four years next after they accepted the trust of executors. In the *third* plea they state that they represented the estate insolvent on the first day of *Feb.* 1815,—that six months were allowed to creditors to exhibit and prove their claims,—and that the commissioners made their return on the first day of *August* following,—and that the plaintiff never filed his claim before them at any time within eighteen months next after the issuing of the commission. These pleas contain averments of all those facts necessary to bring the defen- dants within the protection of the provisions before recited,

unless they are avoided by the facts disclosed in the replications— for none of the facts *pleaded* are traversed. The two replications are similar ; and the only facts they aver are that the estate is abundantly solvent ; and that on the first of *August* 1820, more than five years after the defendants accepted the trust of execu- tors, they applied to the Judge of Probate to open the commis- sion,—that he decreed against the petitioner,—who appealed to the Supreme Court of Probate, where the decree was reversed, and the Judge directed to allow further time,—that thereupon three months more were allowed, within which time the plaintiff filed his claim, and that upon its allowance by the commissioners and objection thereto by the defendants, the present action is prosecuted. On demurrer to these replications the question is, whether they avoid the pleas in bar. The case of *Brown v. An- derson* 13 *Mass.* 201 seems to be a strong case against the plaintiff. There the replication attempted to avoid the plea in bar by a promise on the part of the *administratrix* to pay the debt. The Court considered the statute bar as in no degree removed or affected by such a promise,—that the statute was made for the benefit of those concerned in the estate, and that no act of the administratrix would subject it to liability, when already relieved from it by the limitation of the statute. In that case the promise was made within the four years, though the action was commenced after that period had elapsed. *Here* all the facts relied on by the plaintiff took place after the end of the four years. *There* the defendant had professed her willingness to pay. *Here* the defendants deny and refuse. On principle, however, both cases seem to stand on the same legal ground. Our decision may operate hardly on the plaintiff ; but we cannot alter the law. The defence may seem unconscionable ; but it is one which by law the defendants may make. The plaintiff, by more vigilance, might have procured the opening of the commission and the allow- ance of his claim within the four years ; but he omitted to take any measures for his own benefit until it was too late. We cannot perceive any legal ground on which the action can be supported. And it will be recollected that this difficulty was strongly intimat- ed by the Court to the plaintiff's counsel, when at his urgent request they reversed the decree and opened the commission.

*Replications adjudged insufficient.*