Parker C. J.
delivered the opinion of the Court. As to the first cause of demurrer, viz. that the defendant has alleged that the action was not commenced until four years next after his acceptance of the trust of administrator, instead of alleging that it was not until four year’s next after he gave notice in the manner pointed out in the statute, we think the allegation is right. The words of the statute of 1788, c. 66, are explicit, that the time of limitation shall run from the giving bond in the probate office. And the statute of 1791, c. 28,-is equally explicit, that the time shall run from the acceptance of the trust [See Revised Stat. c. 66, § 3.]
In the case of Ex parte Allen, 15 Mass. R. 61, it is said cursorily, that the suit should be commenced in four years from the time of giving notice ; but the construction of the statute was not then in question, and very probably the remark was made without looking at the statute, for the point was wholly immaterial in that case. The words of the statute are too clear to require or admit of explanation.
As to the second cause of demurrer, to wit, that the plea doe; not aver at what places in Hopkinton the advertisements were posted up, but only that they' were posted in two public places in that town, we think the averment sufficient. The defendant might have denied that they were so posted, and then on issue, the fact whether the places were public or not, would have appeared in evidence. It has not been the practice to plead a defence of this kind so minutely ; but it has *282 been thought sufficient to aver that the defendant was duly an-pointed administrator, and gave bonds and notice according to law. This plea contains all and a great deal more than is usual.[1]
In the case of Brown v. Anderson, 13 Mass. R. 201, the plea is general, and not. objected to on that ground. In 1 Green]. 156, the plea is of the same kind, and such has been the general practice. So much strictness as is required in an officer’s return on the sale of property, is not necessary, for the party interested may generally learn at the probate office in what manner notice has been given ; and there is also another form of notice in the newspapers, from which it may be presumed he obtained knowledge of the fact.
And as to not setting out the form of the bond in the plea, which is the third cause of demurrer, it has never been required and would be useless, for the bond is on file in the probate office, and, if not pursuant to law, the defendant may avail himself of the defect by denying that such bond as the law requires was given.

Leave to withdraw the demurrer on terms.

 See Burditt v. Grew, 8 Pick. 112.