## GEORGE E. MANSON *versus* WILLIAM FELTON.

A spendthrift under guardianship is not competent to make a valid contract for the payment of money; consequently his acknowledgment of and promise to pay a debt contracted by him before he was under guardianship, will not take it out of the operation of the statute of limitations.

A promise within six years, by the guardian of a spendthrift, to pay a debt due from the ward, will take the case out of the statute of limitations, so as to bind the ward.

ASSUMPSIT upon a promissory note for 32 dollars, dated December 8, 1822, signed by one Temple, the defendant's testator, and indorsed to the plaintiff. Pleas, the genera issue and the statute of limitations.

At the trial in the Court of Common Pleas, before *Strong* J., the plaintiff offered to prove, that within six years

before the commencement of the action, Temple acknowledged that the note was due and promised to pay it. The defendant then proved, that at the time when it was alleged that the acknowledgment and new promise were made, Temple was under guardianship of one Stevens, as a spendthrift; and the judge ruled, that the acknowledgment and promise by Temple while under guardianship, would not prevent the statute of limitations from barring the plaintiff's right to recover on the note.

The plaintiff then offered to prove the promise of the guardian, made within six years before the commencement of the action and during his guardianship, to pay the note; but this evidence was ruled to be inadmissible.

The jury having returned a verdict for the defendant, the plaintiff filed exceptions to the above rulings of the judge.

*Draper*, for the plaintiff, cited in reference to the new promise by the spendthrift, *Smith* v. *Spooner*, 3 Pick. 229; *St.* 1783, *c.* 38, § 7; *St.* 1818, *c.* 60; *Boyden* v. *Boyden*, 5 Mass. R. 427; *Baker* v. *Lovett*, 6 Mass. R. 80.

*Hoar, contrà*, cited as to the spendthrift's new promise, *Pittam* v. *Foster*, 1 Barn. & Cressw. 248; *Ward* v. *Hunter*, 6 Taunt. 210; and as to the guardian's promise, *Forster* v. *Fuller*, 6 Mass. R. 58; 2 Stark. Ev. 712, 893 and notes.

The opinion of the Court was afterwards drawn up by

SHAW C. J. This is an action of assumpsit, upon a small promissory note, by an indorsee against the executor of the promisor. To take the case out of the operation of the statute of limitations, the plaintiff first relied upon the acknowledgment of Temple, the original promisor, within six years next before the action, which was objected to, on the ground that he was at that time under guardianship as a spendthrift. Secondly, the plaintiff relied upon a new promise to pay the note, within six years, made by Stevens, the guardian of the promisor. The principal question discussed has been, whether a party, under guardianship as a spendthrift, is thereby rendered incapable of binding himself by a contract for the payment of money. For, in order to avoid the bar of the statute of limitations, it must be shown that a new promise was made within six years, or rather that the

*Margin:* Manson *v.* Felton.

*Margin:* Oct. 16th

# MIDDLESEX.

original contract was continued in force up to the period of such acknowledgment. It is manifest, therefore, that such acknowledgment must be made by a person capable of making a valid contract, binding himself, if it is his own debt to which the acknowledgment relates, or binding upon the estate or interest represented by him, if acting in *auter droit*.

The question, then, is, whether a spendthrift under guardianship is competent to make a valid contract for the payment of money. The plaintiff relies upon *Smith* v. *Spooner*, 3 Pick. 229, as decisive. But we think that that case turns upon a very different principle. That action was brought upon a note executed after a complaint made by the selectmen and before the actual appointment of a guardian. It depended, therefore, wholly upon the construction of the statute of 1818, providing, that after such complaint made, and a copy filed with the register of deeds, every gift, bargain, sale or transfer of real or personal estate, shall be void. It was decided on the ground, that before the actual appointment of a guardian there was no disability to make contracts, except the specific disability created by the statute ; that such a disability ought not to be extended by construction, being in derogation of a general right and power of persons over their own property ; and that the making of a promissory note was not a gift, sale or transfer of property within the meaning of the act. It is to be remarked, that the disability created by this act is to take effect upon a mere complaint, before any adjudication, or even inquiry into the truth of the facts charged, and before the appointment of a responsible officer, competent and bound to take charge of the property and provide for the wants of the spendthrift and those dependent on him. These considerations form a marked distinction between the case of an actual adjudication, conclusively fixing the disability contemplated by the statute, and appointing a guardian to act in place of the person disabled, and the limited and temporary restraint established by the statute of 1818, on the construction of which the case of *Smith* v. *Spooner* was decided But there are several expressions in the opinion of the Court, in that case, implying a distinction in their minds between

the case of a person actually under guardianship, and that of a person in relation to whom the incipient measures have been taken to establish such a guardianship. The Court speak of the note, made after complaint filed but before the appointment of a guardian, as a note made " on the eve of a disability to contract." And the closing remarks in the opinion of the chief justice, strongly imply the same conclusion.

The question, then, must depend upon the effect and construction of the general statute providing for the appointment of guardians to spendthrifts. *St.* 1783, *c.* 38, § 7.

The duties and powers of such a guardian are not detailed in the statute, and they must, therefore, be gathered from the nature of the subject, the preamble to this enacting clause of the statute, the powers and duties of guardians of other wards, under like disabilities, as those of minors and lunatics and idiots and persons *non compos*, and, in the words of the same statute, incapable of taking care of themselves. The same statute provides for the appointment of guardians, in the two last cases, and although certain powers are specified, yet many of them are to be ascertained from the principles of the common law. The clause of the statute providing for the appointment of guardians to spendthrifts directs, that in the duties of their appointment they shall pursue the same method, and be under similar obligations for the faithful performance of their trust, as guardians appointed for persons *non compos mentis.* The latter clause no doubt refers to giving bond in the probate office, but the clause requiring them to pursue the same method, is very general and indicates the nature of the relation to be that, generally, of guardian and ward, applicable to other cases of legal incapacity. The same conclusion is to be drawn from the preamble ; the mischief to be remedied was that of spending, lessening and wasting their estates, by excessive drinking, gaming, idleness and debauchery ; and the remedy is, by taking away the power to do so, by declaring an incapacity, in the nature of infancy and lunacy, and providing for it in like manner, by the appointment of a discreet person, to exercise the powers over his estate, which the spendthrift is regarded by the statute as

18 *

incapable of doing. To accomplish this, the whole estate and property of the spendthrift, real and personal, are placed under the custody and control of the guardian. He is bound to apply the property to the support of the spendthrift and his family, and to pay his debts. He is to sue for and recover debts, and manage and improve the estate. In § 4, directing the duties of guardians of persons *non compos*, (which method is to be pursued by the guardians of spendthrifts, in a subsequent section of the statute,) they are declared subject to the payment of all just debts, owing by such person, " contracted before his distraction." The distinction between cases of lunatics and of spendthrifts, in this respect, is obvious. Lunacy or distraction, independent of any positive enactment, is itself a disability to contract, arising from want of capacity. In the case of a spendthrift there is no natural or mental incapacity, and therefore, the incapacity by force of the statute itself, takes effect only from the appointment of the guardian, except the precise limited incapacity to make conveyances of property after a complaint filed and before any proceedings upon it, declared by *St.* 1818, *c.* 60. It is true, that in the statute of 1783, the original statute providing for the appointment of guardians to spendthrifts, there is a clause, declaring that no sale or bargain of any real or personal estate made by such person after the appointment of a guardian, shall be valid in law. It was argued, that the declaration of such special disability, limited to a particular species of contract, carried an implication that a more general disability to make contracts was not intended. But we think this argument far from being conclusive. It might have been inserted for greater caution, and to exclude doubt; such clauses are not infrequent in acts of legislation. But there was another reason. The same act, in a previous section, provided for the appointment of guardians to lunatics. Now the invalidity of all grants and transfers of property by a lunatic and idiot, does not arise from the appointment of a guardian, which supersedes the power of the owner, but from the natural incapacity, arising from want of mental power to contract; and this, not by force of the statute, but by well-known rules of the com

mon law. It might, therefore, be thought convenient to fix a time, subsequent to which all such grants should be declared vo'd.

On the whole, the Court are of opinion, that by the appointment of a guardian to a spendthrift, by which the entire control over his whole estate and the administration and management of it are suspended, he becomes incompetent, by his acknowledgment or promise, to continue in force and revive a debt which would be otherwise barred by the statute of limitations. *Shearman* v. *Akins*, 4 Pick. 283.

2. But the plaintiff having offered to prove that the guardian himself promised to pay the note within six years, the Court are of opinion that this was admissible, and that if such promise were proved, it would take the case out of the statute.

We cannot distinguish this, in principle, from the case of the acknowledgment of an executor ; which has been considered, in this commonwealth, as sufficient to take the case out of the operation of the statute, not only as a mere promise of the executor, to be declared on and proved as his own personal obligation, but as continuing the existing promise in force, against the estate or party originally liable. *Brown* v. *Anderson*, 13 Mass. R. 201. And such promise and acknowledgment is not only binding and effectual to bar the operation of the statute, when the action is brought against the particular person making it, but is equally effectual against any other person who comes into the administration of the same estate by subsequent appointment. Thus an acknowledgment by an executor will be sufficient to avoid the operation of the statute when pleaded to an action brought against an administrator *de bonis non*. *Emerson* v. *Thompson*, 16 Mass. R. 429.

It is true, there is some distinction between the official character of an executor, and that of a guardian. The property of the estate is vested in the former, and the latter is an agent, having an authority not coupled with any interest in the property. There are cases, which determine that the acknowledgment of an agent charged with the management of the business out of which the debt arises, is sufficient to take

the case out of the statute, as against the principal. *Burt* v
*Palmer*, 5 Esp. R. 145 ; *Palethorp* v. *Furnish*, 2 Esp. R.
511, note ; *Gregory* v. *Parker*, 1 Campb. 394. But we
do not rely much upon this general principle in the present
case. The distinction stated, between the character of a
guardian and an executor, in the point mentioned, is immaterial
in its application to the present case. An executor has the
legal interest in the property of his testator, but it is a naked
interest held in trust to be administered for the benefit of
legatees and heirs, in connexion with which he has powers
entrusted to him by law, for the general management and
settlement of the estate. So a guardian, although an agent,
is yet an agent constituted by law, with an entire control
over and management of the property of the ward, for the
time being, with power to pay his debts and prosecute and
defend suits. And we have already seen, that this is not
like an agency *en pais*, to be exercised in concurrence with
that of his principal, but one that controls and supersedes that
of his principal ; and therefore if this power of keeping a
debt in force, which is on the eve of being barred by the
*statute of limitations, is not in the guardian, it does not sub-
sist* anywhere. We think that it is in virtue of this con-
trolling power of the guardian over the assets of his ward,
his authority to settle, adjust and pay his debts or resist pay-
ment and defend suits, that his acknowledgment and promise
ought to be binding upon his ward. Supposing a claim pre-
sented to a guardian, when the six years have nearly expired,
perhaps immediately after his appointment, and the creditor
is willing to wait, if his debt will not be thereby barred, but
otherwise will be compelled to commence a suit, if the guar-
dian, upon a view of the affairs of his ward, can truly certify,
that the claim is admitted to be valid and unpaid, that it is
his intention to pay it as soon as he can conveniently con-
vert the property of his ward into money, and that no advan-
tage shall be taken of the statute of limitations, why should
not this avoid the statute bar ? It is an admission of the
validity and non-payment of the note, by the only person in
existence, charged with the liquidation and the payment of
it. Being of opinion that it is clearly within the principle

of an acknowledgment by an executor, which, in this commonwealth, has repeatedly been held sufficient to avoid the operation of the statute, and that a similar admission by a guardian of a spendthrift ought to have the like effect, the Court are of opinion that the verdict ought to be set aside, to enable the plaintiff, if he can, to prove an acknowledgment and promise within six years, by the guardian.

*Verdict set aside, and a new trial to be had at the bar of this Court.*