## GEORGE FOSTER *vs.* AUGUSTUS A. STARKEY, Administrator.

Part payment of a debt, made by the administrator of the debtor, takes the debt
out of the general statute of limitations, (Rev. Sts. *c.* 120,) although it appears
that no promise was then made to pay the balance.

THIS was assumpsit upon a promissory note not witnessed,
payable on demand to the plaintiff, made by Amos Starkey,
deceased, March 3, 1845. The writ was dated June 20, 1851.
The only defence was the statute of limitations. The maker
of the note died previous to July 6, 1847, at which time the
defendant was appointed his administrator. It was admitted
by the plaintiff that the personal property of the deceased was
insufficient to pay his debts, and that the defendant had
obtained leave to sell real estate of the intestate for the pay-
ment of debts. To avoid the statute of limitations, the plain-
tiff relied upon part payment in August, 1850.

At the trial in the court of common pleas, to prove such payment, he introduced the testimony of H. Morse, as follows : " In August, 1850, I saw Mr. Starkey pay Mr. Foster $100, and Mr. Starkey then indorsed the same on this note Nothing was said about any further payments." On the back of the note was this indorsement, " Aug. 21st, 1850. Rec'd on this note, $100."

Upon these facts, *Perkins,* J. instructed the jury that if they believed that said payment was made in his capacity of administrator, they would be authorized to find a promise to pay the balance of the note, and a verdict in favor of the plaintiff for the amount thereof. The verdict being for the plaintiff the defendant excepted.

*E. H. Bennett,* for the defendant. 1. Partial payment, even by a debtor himself, does not, *per se,* take a case out of the statute of limitations. It is only evidence from which a jury may infer, if the contrary does not appear, that the debtor then promised to pay the balance. *Wainman* v. *Kynman,* 1 Welsb., Hurl., & Gord. 118. In this case it was clearly proved that no such promise was made. The jury, therefore, were not " authorized to find a promise to pay the balance," and the ruling on this point was erroneous.

2. Partial payment by an administrator will not render the estate of the deceased liable. *Arnold* v. *Downing,* 11 Barb. 555 ; *Henderson* v. *Ilsley,* 11 Sm. & Marsh. 18 ; *Steel* v. *Steel,* 2 Jones, (Penn.) 64 ; *Sanders* v. *Robertson,* 23 Miss. 389 ; *Fisher* v. *Tucker,* 1 McCord, Ch. R. 175 ; *McCullock* v. *Dawes,* 9 Dowl. & Ry. 40 ; *Tullock* v. *Dunn,* 1 Ry. & Moody, 416 ; *Forney* v. *Benedict,* 5 Barr, 225 ; *Fritz* v. *Thomas,* 1 Wharton, 66 ; *Oakes* v. *Mitchell,* 3 Shepl. 360 ; *Peck* v. *Botsford,* 7 Conn. 172 ; *Thompson* v. *Peter,* 12 Wheaton, 565 ; *Head* v. *Manners,* 5 J. J. Marsh. 255 ; *Scholey* v. *Walton,* 12 M. & W. 510. In this commonwealth, it has been held that an administrator has no authority to pay a debt barred by the statute ; *Richmond, petitioner,* 2 Pick. 567. How can he properly pay a part, and thus extend the liability of the estate to pay the whole ? In either case, he attempts to waive the statute bar. If he could not obtain leave to sell real estate to pay debts

barred by the statute of limitations, why should he be allowed, by paying a part, to revive the whole debt, and make it necessary to sell real estate to pay the same, as this case finds it necessary to do? *Hathaway* v. *Haskell*, 9 Pick. 42, shows that part payment by an administrator has not the same effect upon the debt, as if made by the debtor himself.

*C. I. Reed*, for the plaintiff. There is only a single question; that is, whether a new promise, or a payment made by an administrator, will take a note out of the general statute of limitations.

1. An administrator is not obliged to plead the general statute of limitations.

2. The new promise of, or a payment by an administrator, takes a debt out of the general statute. *Emerson* v. *Thompson*, 16 Mass. 429; *Brown* v. *Anderson*, 13 Mass. 202; 1 Smith's Lead. Cases, (ed. of 1847,) 535, &c.; *Baxter* v. *Penniman*, 8 Mass. 134; Rev. Sts. *c.* 120, §§ 14, 15, 18.

SHAW, C. J. This is an action by the promisee of a note, against the administrator of the promisor, Amos Starkey, and the only ground of defence is the statute of limitations. The note was dated March 3, 1845, and the suit was brought June 20, 1851, more than six years after the cause of action accrued. The promisor, Amos Starkey, died, and administration was taken on his estate on the 6th of July, 1847; this was more than two years before the action was brought; otherwise the action would have been saved from the six years' limitation, by the provision of Rev. Sts. *c.* 120, § 10.

The question, then, is upon the effect of the payment made by the defendant, the administrator. This was made and indorsed within six years of its date, in August, 1850. It was proved by a witness who was present, that he saw Starkey, the administrator, pay Mr. Foster, the plaintiff, $100, and Mr. Starkey then indorsed the same on this note, and the indorsement conforms. This avoids one difficulty which sometimes occurs in regard to a payment indorsed; it shows the fact of payment, independent of the indorsement; and the evidence of payment does not depend on the indorsement made by the

holder. If a mere indorsement were held sufficient, there might be a suspicion that no payment was actually made, and that the indorsement was fraudulently made by the holder, or by some one by his direction, in order to make evidence to avoid the limitation.

After the provisions of Rev. Sts. *c.* 120, §§ 13, &c., requiring acknowledgments, to take a promise out of the statute of limitations, to be in writing, section 17 provides, that " nothing contained in these sections shall alter, take away, or lessen the effect of a payment of any principal or interest, made by any person." The law was left to stand as it did before in this respect, and we are therefore to inquire what was the effect of a payment before the statute of 1834, from which this provision in the revised statutes was taken.

It was laid down amongst other rules well settled, that a part payment of principal or interest is unequivocal evidence of a new and continuing promise, to avoid the statute of limitations, and forms a new point from which the statute begins to run. *Sigourney* v. *Drury,* 14 Pick. 387. Indeed, the principle to this extent has been recognized in numerous cases. Questions have arisen as to what shall be taken as evidence of payment, and how far any payment made by one may bind or affect another. But all these cases concur in holding that such payment, properly proved, by one then liable for the payment of the debt, will be conclusively binding on the party making it. *Ilsley* v. *Jewett,* 2 Met. 168. In a very recent case, very similar to the present, it was held as the true construction of our statute, that such payment of part, either principal or interest, might be proved by any competent evidence, and does not require proof by memorandum in writing, though the point arising on a similar English statute had been doubted, and there were some conflicting authorities. *Williams* v. *Gridley,* 9 Met. 482.

The only remaining doubt, if there be room for doubt, seems to be, whether a payment by an administrator, after a right of action is barred by the general statute of limitations, is sufficient to avoid the bar. It must be considered that it is a very different question from that arising on the statute limit-

Foster *v.* Starkey, Administrator.

ing the time for bringing an action against an executor or administrator, which stands on a very different footing.

That a payment or acknowledgment by an executor or administrator will take the case out of the operation of the statute, would seem to be established by a necessary implication from the statute itself, section 18: " If there are two or more joint contractors, or joint executors or administrators of any contractor, no one of them shall lose the benefit of the provisions of this chapter, so as to be chargeable by reason only of any payment made by any other or others of them." This contains a clear implication that such payment, made by any executor or administrator, will be available against himself, to prevent him from claiming the benefit of the statute. This would seem to be true *à fortiori*, where there is a sole administrator, who holds all the assets of the estate. Indeed, this seems to be founded on a just application of the principles of the statute; for, though it is sometimes said that an unqualified acknowledgment is evidence of a new promise, and a doubt might be suggested whether an administrator could bind the estate of his intestate by a new promise of his own; yet it is often spoken of and treated as a new and continuing promise, which continues and keeps the previously subsisting contract in force, and prevents the operation of the statute upon it. And the practice uniformly is to declare upon the original cause of action; and if the statute of limitation is set up as a bar, then the plaintiffs offer evidence of the payment, promise, or unequivocal acknowledgment of the debt, the effect of which is, to avoid the bar, and the recovery is had on the original cause. Such being the effect of the payment or acknowledgment, there seems no reason why it should not have the same effect when made by the personal representative of the debtor, who has full knowledge of the affairs of the estate, and a full legal control and disposing power over the same, as if made by the debtor himself. It is equally proof that the debt is due and unpaid, and remains in force.

But the position is not without authority. It is to be understood that all the cases decided before the statute requir-

ing the acknowledgment to be in writing, and which he:d that a new promise by parol, or acknowledgment, proved in like manner, made by an executor or administrator, would take a case out of the statute, are still authorities to show a payment, made by or to an executor or administrator, will have the like legal effect.

In *Hirst* v. *Smith*, 7 T. R. 183, it was held that a promise made to an administrator *de bonis non* would avoid the statute. It had been held in *Dean* v. *Crane*, 1 Salk. 26, that in such case it would be necessary for the administrator to declare on a promise to himself, though a promise made to a previous administrator would be sufficient to support it. But in the case just above cited, in Term Reports, Lord Kenyon said " there was no reason why the plaintiff should be obliged to state a fiction on the record. The case was one in which the plaintiff is entitled to recover ; the declaration, well adapted to the truth of the case, is sufficient."

In *Baxter* v. *Penniman*, 8 Mass. 133, the rule is stated generally, that an admission made by or to an executor or administrator after six years, ought to be considered as having the same effect as if made by the parties respectively whilst living ; also, that the practice of declaring specially on such admissions had not prevailed in this commonwealth, and was discountenanced as leading to perplexity. The same principle was adopted, and the same practice sanctioned, in *Sullivan* v. *Holker*, 15 Mass. 374. The same rule had been affirmed respecting a promise made by an executor or administrator, as to the general statute of limitations, though not applicable to the four years' limitation in barring an action against an administrator, and which is not avoided by a new promise by the administrator. *Brown* v. *Anderson*, 13 Mass. 201. The point was again decided, where the new promise had been made by an administrator to the creditor. *Emerson* v. *Thompson*, 16 Mass. 428. In an analogous case, it was held that an acknowledgment of the guardian of a spendthrift will continue the debt in force, and bind the estate of the ward. It does not proceed on the principle of a new promise on the part of the guardian, but as the admission of a person ap-

28 *

pointed by law to control and manage the estate of the ward. *Manson* v. *Felton,* 13 Pick. 206.

It is stated in the report that the payment of fifty dollars was made in presence of the witness, and the indorsement was made on this note in presence of both parties, which is conclusive evidence that it was made on this account; and it could be made in no other capacity or character than administrator of the estate of the debtor. But it is added by the witness that nothing was said about any further payment. This is relied on in the argument as negativing a new promise. But it can have no such legal effect. The plaintiff's case does not depend on an express promise, but upon an implied promise arising from the fact of part payment, and an authoritative admission of the existence and continuing character of the debt. *Exceptions overruled.*