HORACE W. LAMSON *vs.* CHARLES SCHUTT & another.

An administrator cannot maintain a petition for leave to sell real estate for the payment of debts of his intestate, if there are no debts due from the estate which can be enforced at law.

MERRICK, J.* This is a petition, nominally by the administrator of the estate of Conrad McIntire, deceased, for leave to sell real estate of the deceased, for the payment of his debts. It appears from the report upon which the case is brought before us, that the petition is in fact prosecuted in the name of the administrator, with his permission and consent, by certain persons claiming, and by him admitted, to have been creditors of the intestate, having had debts justly due from him at the time of his decease. His heirs at law now appear by their guardian, and object that the license prayed for should not, and cannot legally, be granted.

The petitioner was appointed administrator on the 6th of October 1857, gave bond for the discharge of his trust and the faithful performance of his duty the same day, and within three months next thereafter gave the notice required by law of his appointment. The present petition was first presented and filed in the probate court at its session held on the 6th of November 1859, which was more than two years after his administration bond had been given. It is therefore upon these facts certain that, by reason of the statute, which provides that, except in certain instances which have no relevancy to the present question, no executor or administrator shall be held to answer to the suit of any creditor of the deceased unless it is commenced within two years from the time of his giving bond for the discharge of his trust, no person assuming to be a creditor, and in fact having had at the time of his decease a debt then justly due from the intestate, could, by commencing a suit thereon at or after the time of presenting and filing the present petition,

---

* This case was argued in September 1861.

maintain such action, or recover judgment in it against the administrator. Gen. Sts. *c.* 97, §§ 1–5. This is a decisive and insurmountable objection to the maintenance of the petition. This statute, like those which preceded it, and from which it differs only as to the limitation of time which is to constitute an effectual bar, is designed to procure a speedy settlement of estates, that the heirs, by the removal of all liens in favor of creditors, may be quieted in their titles. And accordingly it has been uniformly held that although an administrator may avoid the effect of the general statute of limitations by an acknowledgment of the debt, such an acknowledgment, or even a promise to pay it, does not obviate the force of that which limits the time within which an action can be brought against him in his official capacity. In the case of *Scott* v. *Hancock*, 13 Mass. 164, it is said by the court that the general effect of this law is to discharge the lien of the creditors on the estate, when in the hands ·of the heirs after the expiration of four (now of two) years ; and that it is the duty of the administrator to plead this statute of limitations in bar of any action brought against him after the time prescribed. The heirs at law have a right to insist that he shall plead it, for he stands in a place of trust, and in executing it is to act with fidelity for their protection. This doctrine has been repeatedly and uniformly asserted and upheld. *Baxter* v. *Penniman*, 8 Mass. 133. *Brown* v. *Anderson*, 13 Mass. 201. *Thompson* v. *Brown*, 16 Mass. 172. *Emerson* v. *Thompson*, Ib. 429.

If, therefore, the license which is prayed for in this petition should be granted, and the real estate of which the intestate died seised should be formally sold in pursuance of such supposed authority, the purchaser could acquire no title under the sale, and no creditor could reach the proceeds of it in the hands of the administrator ; for he has the means of· making, and it is his duty to make, an effectual defence to any suit which may be brought against him by any person claiming to be a creditor, and therefore there are no debts to be paid. And as this is the sole purpose for which an administrator can be authorized to sell real estate, the contingency upon which only a license can

be granted has not arisen, and cannot arise.   Gen. Sts. *c.* 96, § 7.

To make an administrator's sale valid, his right to sell and the license of the court must coincide.   But his right to sell depends wholly upon the liability of the estate to be taken and appropriated to the payment of debts which can be enforced by an action at law.   And where there are no such debts to be paid a license to sell must be merely void, because there is no case or matter of which the court applied to can take cognizance.   Thus, where the executor of Pemberton's will gave notice of his appointment as the law directs, and he lived and continued to administer the estate more than four years from the time of his appointment and notice given, it was held that the lien of the creditors on the real estate was discharged, and that being thus extinguished, it did not revive upon the subsequent appointment of an administrator *de bonis non.*   And it was accordingly determined that a license to sell real estate to pay a judgment recovered against him on account of a debt which was barred by the statute of limitations as against the executor was merely void, for if there was no lien upon the estate for debts, it was not assets in the hands of the administrator, and the foundation for the petition upon which the license was granted failed, and the court had no jurisdiction of the matter.   *Heath* v. *Wells*, 5 Pick. 140.   *Hudson* v. *Hulbert*, 15 Pick. 423.   It is manifest that a sale under such an unreal authority could have no effect to divest the heirs of their title, or to transfer it from them to a purchaser.

But even if anything could in fact be obtained by an administrator as the proceeds of such a sale, the creditors barred by this special statute of limitations could not reach it, or derive any benefit from it.   Such proceeds would necessarily remain in his hands to be accounted for upon the final settlement of his administration, and then to be paid over to the heirs.   The sale of their estate cannot be required, and therefore is not allowed by law for any such purpose.

No different conclusion is to be deduced from the cases of *Richmond, petitioner*, 2 Pick. 569, and *Palmer* v. *Palmer*, 13 Gray, 327, upon which the petitioner relies.   In these cases the

license was granted after the period prescribed as the time within which actions may be commenced against executors and administrators had elapsed ; but in each of them the sale was authorized to raise money for the payment of a debt upon which the statute did not operate.   A license of the court to sell is not void merely on the ground that the petition for it is presented more than four (now two) years after the administration bond has been given, but because when it is presented there is no debt against which the statute is not an effectual and conclusive bar.

The *St.* of 1861, *c.* 174, has been referred to, and some reliance placed upon it.   But the supposed creditors of the intestate can derive no relief or advantage from its provisions, because it has no retroactive operation, and affects only cases which may arise subsequent to its enactment.   *Garfield* v. *Bemis*, 2 Allen, 445.

*Decree of court of probate dismissing petition affirmed.*

*J. D. Colt & T. P. Pingree, Jr.*, for the petitioner.

*T. Sumner*, for the respondents.