AMOSKEAG MANUFACTURING COMPANY *v.* GEORGE A. BARNES, EXECUTOR OF JOSIAH M. BARNES.

</div>

If a suit be prematurely brought against an executor upon a debt due the deceased, under sec. 1, ch. 161, Revised Statutes, being within one year from the granting of administration, the executor must plead that fact in abatement, and not in bar.

But in a suit against such executor on such claim, the plaintiff must prove affirmatively, as a part of his case, even under the general issue pleaded, that his claim was presented to the executor within two years from the granting of administration, according to sec. 2 of said chapter ; and without such affirmative proof he cannot recover.

When such suit is brought against such executor, on such claim, more than three years after the granting of administration, such executor (except in certain specified cases,) must plead in bar, the limitation contained in section 5 of said chapter.   The executor is not at liberty, in such case, to omit to plead the limitation of that statute, as he may the general statute of limitations where the debt is otherwise just.

Nor can the executor, by any new promise or guaranty, take said claim out from the operation of this provision of the statute, but the same will be barred after the expiration of said three years, as against the estate, though said executor may make himself personally liable by such new promise.

ASSUMPSIT to recover the amount of a promissory note claimed to be due from the estate of Josiah M. Barnes.

The action was entered at the May Term, 1867, at which term Messrs. Little & Osgood appeared for the defendant, and the cause was continued to the September Term, 1867, and from that term to the present.   The writ was placed on file in the clerk's office, at the term of the entry of the action, and has ever since remained on file therein. At this term, Hon. C. R. Morrison appears also for the defendant, claiming that he appears to protect the interests of the estate, the said George A. Barnes having in July or August, 1867, resigned his trust as executor, and Elizabeth A. Barnes, widow of the said Josiah, hav-

ing been appointed administratrix *de bonis non* with the will annexed in place of said George A. The plaintiffs move for an order of court to cite in the said Elizabeth as said administratrix as party defendant. The counsel for the defence move for leave to file a special plea in bar, that the action was not commenced within three years after the original grant of administration, to which the plaintiffs object. The defendant's counsel furnish to the court the affidavit of said Elizabeth, which is to be referred to as part of this case, as furnishing ground for granting the defendant's motion in the exercise of the discretion of the court thereon, and the plaintiffs offer the counter affidavit of George A. Barnes, also to be referred to as part of this case, and the following facts agreed to by the parties for the purposes of this case.

On the 7th of October, 1854, said J. M. Barnes purchased of the plaintiffs certain real estate and gave therefor his promissory note of that date for $1688, payable to the order of plaintiffs on demand with interest annually. Said J. M. Barnes died Nov. 1855, testate, leaving sufficient property for the payment of all debts, and expenses of administration, and said George A. and one Alonzo Smith, on the 4th of December, 1855, were appointed executors of his will. On the 8th of November, 1858, said executors gave to the plaintiffs a promissory note with a writing appended thereto by them signed, of which the following is a copy:

$1795.46.              Manchester, N. H., Nov. 8, 1858.

For value received, we, George A. Barnes and Alonzo Smith, as executors of the last will and testament of the late Josiah M. Barnes, promise to pay Ezekiel A. Straw, agent or order, $1795.46, on demand with interest annually.

       (Signed,)            GEORGE A. BARNES, Executor.
                                    ALONZO SMITH, Executor.

In consideration that we have goods and estate of said Josiah M. Barnes, deceased, in our hands and possession, abundantly sufficient to pay the full amount of said note, and in consideration of one dollar to us paid by said Ezekiel A. Straw, agent, we jointly and severally guaranty the payment of said note, hereby waiving demand and notice, and hereby also waiving any and every objection whatever to the payment of said note, meaning and intending to be jointly and severally held to pay the same until it is fully paid.

       (Signed,)            GEORGE A. BARNES,
                                   ALONZO SMITH.

Manchester, N. H., Nov. 8, 1858.

The said note signed by Geo. A. Barnes and Alonzo Smith, as executors, was taken for the amount then due on the original note of J. M. Barnes, and that note was given up to said executors. Said Straw was then general agent of the plaintiffs.

On the 8th of July, 1864, the said executors gave to the plaintiffs a

promissory note with a writing appended thereto by them signed of which the following is a copy :

$2492.10.    July 8, 1864.    For value received, we, George A. Barnes and Alonzo Smith, as executors of the last will and testament of the late Josiah M. Barnes, and in behalf and on account of the estate of said Josiah M. in our hands to be administered, promise to pay to the order of the Amoskeag Manufacturing Company, $2492.10, on demand with interest annually.

| $1.30 Int. Rev. |
| Stamp. |
| Cancelled. |

(Signed,)          Geo. A. Barnes, Executor.
                    Alonzo Smith, Executor.

Whereas, the foregoing note is given for a note held by said Amoskeag Manufacturing Company against said Josiah M. Barnes, deceased, dated Oct. 7, 1854, for $1688, payable to the order of said company on demand with interest annually, on which note are the following endorsements, to wit, Sept. 24, 1855, received one year's interest, $101.28, and Sept. 24, 1855, received $188, which note is given up to us. Now we acknowledge the above note this day signed by us as executors of said Josiah M., to be a valid and just claim against the said estate in our hands, that we have sufficient assets in our hands as said executors, to satisfy and pay the same in full, and that in consideration of the giving up to us of said note signed by said Josiah M., and of one dollar to us paid by said Amoskeag Manufacturing Company, we guaranty the payment of the above note signed by us as said executors in full, waiving demand and notice.

July 8, 1864.

| $1.35 Int. Rev. |
| Stamp. |
| Cancelled. |

(Signed,)          Geo. A. Barnes, Executor.
                    Alonzo Smith, Executor.

Said last mentioned note was taken for the amount of the said original note of Josiah M., (endorsements deducted,) and said plaintiffs offer to prove that said amount and interest thereon remains unpaid, and is due to the plaintiffs from said estate unless the same is discharged or barred as a claim against said estate upon the facts in this case, or unless their omitting to commence an action therefor within three years after Dec. 4, 1855, is a defence to this action upon the facts in the case, and such defence ought to be permitted to the defendant, representing the estate in this action.

There remains of the assets of the estate of said Josiah M., certain real estate more than sufficient for the payment of the claims of the plaintiffs and costs, and the same is attached on the writ in this action. Said Alonzo Smith died in April, 1865, and no other person had been appointed executor or administrator with the will annexed at the commencement of this suit.    Said Smith died leaving no estate for the payment of debts, and said Barnes is insolvent and has gone into bankruptcy since the last September Term of this court.    The plaintiffs refrained from enforcing payment of their said claim within three years from the original grant of administration on the estate of said Josiah M., at the

request of said executors for the accommodation of said estate, as was claimed by them and upon the consideration that they would guarantee payment thereof in the manner aforesaid.

If it should be held material and competent to be proved, the plaintiffs claim, and offer to prove, that it was not the intention or understanding of the parties in any of the transactions herein set forth, to extinguish the original debt as a claim against the estate of said Josiah M., but only to obtain the personal guaranty of the executors as collateral to the liability of the estate in their hands.

Judgment is to be rendered according to the opinion of the court upon the facts in this case, either party reserving a right to trial by jury, if upon the opinion of the court the trial of any facts may be found to be material.

Case reserved.

*G. Y. Sawyer & Son*, and *H. Foster*, for plaintiffs.

*Little & Rogers*, for heirs.

*C. R. Morrison,* for estate.

SARGENT, J. No action can be maintained against any executor for any cause of action against the deceased, unless the same is commenced within three years next after the original grant of administration, exclusive of the time such administration may be suspended, except when property is retained by him to pay the debt by order of the judge. Rev. Stats. ch. 161, sec. 5.

When the claim is not due or is contingent, it may be filed in court, and the judge may order the administrator to retain in his hands, on settlement, funds sufficient to pay the same. Rev. Stats. ch. 161, sec. 6. But the claim in this case was fully and unconditionally due, and falls, therefore, within the provisions of the fifth section above cited.

It is claimed here that the original debt is still due, and has never been paid, and that the renewals have been only to preserve the original liability, and also to obtain the personal guaranty of the executors as collateral to the original claim, and we are to consider the case as though that fact had been proved. The case stood upon the general issue until January Term, 1868, when there was a motion for leave to plead *a special plea in bar*, that the action was not commenced within three years after the original grant of administration. But it is also claimed that this fact, that the action was not brought within the required time, may be relied on as a defence under the general issue, and that no special plea is necessary.

It is provided in section 2 of the same chapter, that if the claim is not presented to an executor within two years after the granting of administration, no action shall be sustained on such claim, and it is held that as this is an act which the plaintiff is required to do to enable him to recover, he must prove such presentation affirmatively on trial under the general issue, though he had not specially alleged it in his declara-

tion. In such case the defendant need not plead that the claim had not been presented, but under the general issue, the plaintiff must prove that fact as a part of his case to entitle him to recover. *Mathes* v. *Jackson*, 6 N. H. 105 ; *Kittredge* v. *Folsom*, 8 N. H. 98.

But if the defendant would take advantage of the fact that the suit was prematurely brought, being within one year from the granting of administration, (sec. 1, same chapter,) he must plead it in abatement and not in bar, and unless so pleaded the plaintiff needs no proof on that point, (same authorities, and *Clements* v. *Swain*, 2 N. H. 475,) and for this reason, that this is no bar to the claim but only a suspension of the right of action. 1 Ch. Pl. 479.

But where the action is not brought within the three years from the granting of administration, that operates as a bar to the claim, a termination of the right of action, and needs to be pleaded specially or to be set up by way of brief statement with the general issue like the general statute of limitations.

And it has been held that although an executor is not bound to plead the general statute of limitations in bar of the recovery of a debt, otherwise justly due; *Hodgdon* v. *White*, 11 N. H. 208 ; yet that he has no right to omit to avail himself of the statute provisions limiting actions against him, and which are intended to ensure the speedy settlement of estates. *Hodgdon* v. *White, supra; Walker* v. *Cheever*, 39 N. H. 428 ; *Brown* v. *Anderson*, 13 Mass. 201 ; *Dawes* v. *Shedd*, 15 Mass. 6 ; *Emerson* v. *Thompson*, 16 Mass. 429 ; *Thompson* v. *Brown*, 16 Mass. 178.

But it is claimed in this case that the executor may, by an express promise, not only bind himself as executor, but also the estate of his testator, and thus prevent the operation of the statute. But it has been expressly held the other way in Massachusetts, in the cases just cited, *Brown* v. *Anderson*, 13 Mass., and *Thompson* v. *Brown*, 16 Mass., where it was held that the executor being bound *virtute officii*, to plead the statute, whenever a debt is claimed which would be barred by it, therefore no promise of the executor could operate to defeat the statute so pleaded ; and in *Heath* v. *Wells*, 5 Pick. 139, it is held that after the expiration of the time limited by the statute for suits against an executor, the estate of the deceased is no longer assets in his hands, and that a license to sell for the payment of a debt thus barred, is void, and the non-payment of a judgment recovered on a claim thus barred where the plea of the statute is not interposed could not avail to charge the sureties of the executor in a suit on his bond.

And in *Thayer* v. *Hollis*, 3 Met. 369, it is held that a levy upon a judgment, so recovered, is void as against heirs, devisees, or purchasers, (if not executors,) because judgment in such case could only be obtained through the collusion or negligence of the executor, and that the judgment could only be good as against him, as in case of an executor *de son tort*.

In *Hodgdon* v. *White*, 11 N. H., *supra*, *Parker*, *C. J.*, evidently recognizes the principles of these decisions as being the law of this State, and so did *Bell*, *C. J.*, in *Walker* v. *Cheever*, 39 N. H., *supra*,

where he says that "the general policy of the law aims to secure the early and prompt settlement of the estates of parties deceased, but this would hardly be accomplished if the executor were allowed, by a new promise, to waive the provisions of the statute, and hold the real estate of the deceased as assets in his hands."

All the authorities cited go to show that the statute must be pleaded by the executor, or else judgment will be entered upon the claim. It is nowhere suggested that the plaintiff would be bound to show affirmatively that his suit was brought within the time specified by the statute. It is everywhere said that the executor must plead the statute, and has no right to omit to plead it, and that when he fails to do so, a judgment issues against him, which would be good against him as an executor *de son tort*, but which would not bind the estate ; and no license would be granted to the executor to sell real estate of his testator to pay such judgment, and a levy of the same on the real estate of the deceased would be void against heirs, devisees and purchasers, who are not executors.

The first thing to be done is to get the proper parties before the court. When that is done, as the printed case now stands, the defendant is well enough without doing anything, as it does not appear that this claim was presented to the executor within the two years required, and if it was not, the defendant stands well upon the general issue. If it was thus presented, then defendant should plead the statute in bar, and we think should, in this case, have leave to plead it now upon some terms, and we think all the promises and guaranties of the executors would be of no avail to bind the estate, but would only bind those who made such promises individually, to the plaintiffs.

When the pleadings are closed, judgment may be rendered according to the above views.

*Case discharged.*