(93 Misc. Rep. 61)

### JAKOBSON v. LAWRENCE.

(Supreme Court, Appellate Term, First Department. December 30, 1915.)

1. LIMITATION OF ACTIONS ☞155—PART PAYMENT—PAYMENT BY COMMITTEE OF INCOMPETENT.

   Part payment, preventing the running of limitations, may be made by the authorized representative of the debtor, and part payment of an incompetent's indebtedness made by her committee is made by the representative of the incompetent as to all matters connected with her estate, and prevents the running of limitations.

   [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 623–630; Dec. Dig. ☞155.]

2. LIMITATION OF ACTIONS ☞155—PART PAYMENT—RATIFICATION.

   In such case, any doubt as to the authority of the committee to make the part payment tolling the statute would be resolved in favor of the creditor, when the incompetent, after becoming competent to manage her affairs, ratified such payment.

   [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 623–630; Dec. Dig. ☞155.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action by Sara Jakobson against Julia Curtiss Lawrence. From a judgment in favor of defendant, plaintiff appeals. Reversed, and judgment granted to plaintiff.

Argued December term, 1915, before GUY, PAGE, and PHILBIN, JJ.

Axel Josephsson, of New York City, for appellant.

Baylis & Sanborn, of New York City (Edgar B. Bronson, Jr., of New York City, of counsel), for respondent.

GUY, J. In or about the month of April, 1907, the defendant personally employed the plaintiff as a laundress at $25 a month, and the plaintiff remained in said service for one year. In August, 1907, the defendant was adjudicated an incompetent by the probate court of the district of Fairfield, in Connecticut, and conservators of her person and property were appointed; and thereafter in October, 1907, the conservators were by an order of the Supreme Court of New York county appointed committee of her property in this state. About Christmas, 1907, the plaintiff received $75 on account of her services, and as she was unable to get any more money she left the employment in April, 1908, when there was due her for wages $200. Between May, 1909, and October, 1910, she received $133 on account from the committee, leaving a balance of $67 unpaid, to recover which the action is brought.

Prior to June 21, 1912, the Connecticut courts declared the defendant competent and discharged the committee, and on June 21st of the same year the defendant petitioned the Supreme Court of New York for the discharge of the committee in this state. Annexed to defendant's petition is a consent and ratification signed by her personally, as well as by her next friend and attorneys, in which she states she has carefully examined the account and finds it to be correct in all respects, and the payments made as therein set forth are "in all respects ratified and approved." Annexed to the account is the record of the payment on September 30 or October 1, 1910, of $33 to the plaintiff; and annexed to the prior accounting of the committee filed in the clerk's office of New York county August 16, 1910, there appears the payment on account of $100 to the plaintiff May 18, 1909. On said petition last referred to the committee were discharged in New York.

[1, 2] The trial justice dismissed the complaint, upon the ground that the claim was barred by the statute of limitations. The rule is that a part payment sufficient to prevent the running of the statute of limitations may be made by the debtor or by some one duly authorized thereto. So an executor or administrator, before the debt is barred, may by a part payment toll the statute (Holly v. Gibbons, 176 N. Y. 520, 68 N. E. 889, 98 Am. St. Rep. 694; Foster v. Starkey, 66 Mass. [12 Cush.] 324; 25 Cyc. 1383), for it is not only the right, but the duty, of the personal representatives to discharge the debts of the decedent. But it was the duty of the committee of the incompetent, as officers of the court, to apply her property to the payment of her debts, the expenses of her support and maintenance, and the satis-

faction of all obligations which legally or equitably ought to be satisfied out of her property (Carter v. Beckwith, 128 N. Y. 316, 317, 28 N. E. 582); and there is no apparent reason why the rule applicable to an executor or administrator should not apply to payments on account made by the committee for necessary services furnished by the plaintiff. The committee of a lunatic "occupies the same position and fills the same place as the lunatic in regard to. his personal estate and property. He has the same control and possession thereof, and in all ordinary matters the right to deal therewith, as the lunatic enjoyed before he was found to be of unsound mind. The committee is the representative of the lunatic in respect to all matters connected with his estate." Viets v. Union National Bank of Troy, 101 N. Y. at page 569, 5 N. E. at page 459, 54 Am. Rep. 743.

[3] If there were any doubt as to the authority of the committee to make the payments in question, the subsequent approval and ratification of the payments by the defendant after she became competent to manage her own affairs would resolve that doubt in favor of the plaintiff.

Judgment reversed, with $30 costs, and judgment granted to plaintiff, with costs in the court below. All concur.